COMMISSIONERS OF HABERSHAM COUNTY *et al. v.* PORTER MANUFACTURING COMPANY.

1. The limitation placed by the constitution (art. 7, sec. 7, par. 1) upon the power of municipal corporations and counties of this State to incur debts does not operate in any way as a limitation upon the taxing power of such corporations and counties.

2. The authorities who have in charge the county affairs of the several counties of this State are authorized, without the recommendation of the grand jury, to levy an extra tax for the purpose of erecting or keeping in repair the necessary public buildings of the county.

3. The decision in the case of *Lewis* v. *Lofley*, 92 *Ga.* 804, upon a review is adhered to and reaffirmed.

4. The levy by the county authorities of a tax "to pay other lawful charges against the county" is not so indefinite that its collection should be enjoined.

Argued February 8, — Decided March 22, 1898.

Injunction. Before Judge Kimsey. Habersham county. December 31, 1897.

*H. H. Perry*, *G. P. Erwin* and *J. B. Jones*, for plaintiffs in error. *W. P. McClatchy*, *C. L. Bass* and *J. J. Bowden*, contra.

COBB, J. On August 23, 1897, the Commissioners of Roads and Revenues of Habersham County passed an order levying a tax of forty-nine cents on each one hundred dollars worth of property for the several purposes enumerated in the order, and in addition thereto a special tax of thirty-five cents on each one hundred dollars for the purpose of building a new court-house. The levy of forty-nine cents per one hundred dollars was made up of the following items: (1) to pay the indebtedness due or to become due, 10 cents; (2) to build or repair public buildings, bridges, etc., 7 cents; (3) to pay sheriffs, jailers, etc., 8 cents; (4) to pay coroners, 1 cent; (5) to pay bailiffs, and for stationery, fuel, etc., 2 cents; (6) to pay jurors, 10 cents; (7) to support the poor, 5 cents; (8) to pay other lawful charges against the county, 6 cents. Upon the petition of the Porter Manufacturing Company, a corporation residing in Habersham county, the judge of the superior court granted an injunction as to the special tax of thirty-five cents to build a new court-house and the six cents per one hundred dollars to pay other lawful charges against the county, on the ground that such taxes are unconstitutional, and therefore illegal and void. To this ruling the county commissioners excepted.

1, 2. The extra tax to build a court-house was enjoined on the ground that the same was unconstitutional and therefore void. It was contended in the court below, as well as in this

court, that the levy of the extra tax for this purpose violated that provision of the constitution contained in art. 7, sec. 7, par. 1, which declares that "The debt hereafter incurred by any county, municipal corporation, or political division of this State, except as in this constitution provided for, shall not exceed seven per centum of the assessed value of all the taxable property therein, and no such county, municipality, or division shall incur any new debt, except for a temporary loan or loans to supply casual deficiencies of revenue, not to exceed one fifth of one per centum of the assessed value of taxable property therein, without the assent of two-thirds of the qualified voters thereof, at an election for that purpose, to be held as may be prescribed by law; but any city, the debt of which does not exceed seven per centum of the assessed value of the taxable property at the time of the adoption of this constitution, may be authorized by law to increase, at any time, the amount of said debt, three per centum upon such assessed valuation." Civil Code, § 5893. The position taken by counsel was, that the levying of the tax was the creation of a debt within the meaning of the section above quoted, and that the purpose for which it was levied not being "to supply casual deficiencies of revenue," the levy was illegal and void, because not submitted to a vote of the people of the county. We can not concur in this view. The levying of a tax is not the incurring of a debt. The very purpose of the clause of the constitution above quoted was to compel the counties and other political divisions of this State to pay by annual taxation, as far as possible, all expenses which had to be borne. As, however, there might be instances in which the incurring of a debt was necessary and proper, the constitution does not absolutely prohibit it, but places a limit upon the power of the public authorities of the different counties to incur debts, and even where the debt sought to be incurred is within the limit, requires the consent of two thirds of the qualified voters, so that no debt may be incurred unless such a course is undoubtedly for the public good. See *Walsh* v. *City Council of Augusta*, 67 *Ga.* 293. Instead of the clause above quoted prohibiting the collection of a tax, the purpose of the clause was to compel the

levying of a tax. This paragraph of the constitution can not, under any view, be considered as a limitation upon the power of the county to levy and collect taxes. The constitution does, however, limit the taxing power of the county as to the objects for which the tax may be levied. Art. 7, sec. 6, par. 2, provides that "The General Assembly shall not have power to delegate to any county the right to levy a tax for any purpose, except for educational purposes in instructing children in the elementary branches of an English education only; to build and repair the public buildings and bridges; to maintain and support prisoners; to pay jurors and coroners, and for litigation, quarantine, roads, and expenses of courts; to support paupers and pay debts heretofore existing." Civil Code, § 5892. But nowhere in the constitution is there any limitation upon the taxing power of a county in regard to the amounts to be levied for these authorized purposes. The amount to be levied for each is left absolutely under legislative control.

Such buildings as are necessary for the transaction of the public business of the county must be erected and maintained at the expense of the county, and the county authorities are authorized to make the necessary contracts for that purpose. Political Code, § 351. Generally these matters are in the control and under the direction of the ordinary of the county; but in certain counties such matters are under the control of county commissioners, as was true in the present case at the time that the tax, payment of which is now resisted, was levied. It is the duty of the county authorities having jurisdiction of county matters "to erect and repair, when necessary, their respective court-houses and jails and all other necessary county buildings," furnishing each of the buildings with such furniture and appliances as are necessary to accomplish the ends for which they were erected, and to preserve the public records and property which are required to be there kept. There is not, and never has been, any general law of this State, undertaking to determine when public buildings in the various counties shall be erected, and what character of buildings are to be built, or what their cost shall be. From necessity, no general law dealing in matters of detail in regard to these subjects could be satisfactory

to the people of the different counties. The necessities of the various counties in regard to these matters are to be determined by the peculiar conditions surrounding each county; and therefore the sound judgment of the county authorities in each case must be relied upon to provide the public with proper buildings-on the one hand, and to protect the taxpayer from useless and unnecessary burdens in regard to such matters on the other. While the power of the county authorities to levy taxes for certain purposes is limited as to amount to be levied, and as to others the power is dependent upon a recommendation of the grand jury (Political Code, §§ 397, 399), still, in reference to the duty of providing the county with public buildings whenever in the judgment of the county authorities public buildings are needed, the right to levy a tax sufficient to carry into effect such purpose is unlimited as to amount, and requires no action by the grand jury. Political Code, § 395. This duty, however, is to be discharged under the revision of the judge of the superior court; and if the tax be an exorbitant tax, or an unnecessary tax, a taxpayer has a right to complain to the judge by application for injunction against the alleged wrongful levy. Political Code, § 396. The discretion vested in the county authorities must be from the nature of the case a broad one, and therefore the reviewing power of the judge of the superior court must be exercised with caution, and no interference had unless it is clear and manifest that the county authorities are abusing the discretion vested in them by law. See *Barlow* v. *Ordinary of Sumter County*, 47 *Ga.* 639; *Waller* v. *Perkins*, 52 *Ga.* 233. The matter is left in the first instance to the discretion of the county authorities, to be controlled only by the discretion of the superior court to be exercised within limits. This discretion is to be wisely and cautiously exercised by the county authorities, and the judge of the superior court in dealing with their action must exercise that wisdom and caution which is required of those whose conduct is under review.

3. If there are sufficient funds in the treasury of the county raised for the purpose of erecting public buildings, the county authorities are authorized to make a contract to an amount not exceeding the funds in the treasury for that purpose. If there

are no funds in the treasury for that purpose, they may be raised by the county authorities in two ways. One is by incurring a debt under the authority of a vote of the people in accordance with the clause of the constitution above cited; the other method is by taxation. If a tax levy has been made for the purpose of paying for the erection of a necessary county building, the county authorities may make a contract to that end, provided that the amount to be paid under the contract will not be in excess of the amount levied for the purpose, and the contract will be valid notwithstanding the fact that at the time it is made the taxes are uncollected. This was the conclusion reached by this court in the case of *Lewis* v. *Lofley*, 92 *Ga.* 804. In the argument of the present case a request was made that the case just cited be reviewed. It was contended by counsel that the same was unsound and should be overruled. We are so well satisfied with the correctness of the conclusion reached in that case, as well as the soundness of the reasoning of the present Chief Justice in his opinion in the same, that we not only do not think the decision should be overruled, but adhere to and reaffirm it by a unanimous court.

4. The judge also enjoined the collection of that part of the tax levied to pay "other lawful charges against the county." The order of the judge recites that this tax, as well as the courthouse tax, was enjoined because the levy is unconstitutional and therefore illegal and void. We can not see that any constitutional question is involved in this matter. None was called to our attention in the argument. It was, however, argued that the levy was too indefinite and uncertain. It will be noted that the levy is in the exact language of the statute. Political Code, § 404. The statute provides that the county may levy a tax for nine purposes, the one now under consideration being the last in order. The other eight purposes are capable of more definiteness of description than this. The reason that the legislature authorized the levy of a tax for "other lawful charges" was that it was impossible for them to determine exactly what might be necessary each year in each county, outside of the purposes enumerated in the eight clauses of the section preceding the one now under consideration. While it is possible for

the county authorities to make the levy more full than it is, it is practically impossible for the levy to cover all items which might be legitimately paid out by taxes raised under this clause, and to fill up this clause in the tax levy with an enumeration of all possible charges other than those enumerated would amount in a great many cases to levies being specifically made for purposes which would never be necessary during the current year. The legislature having granted the power in this general way, we can not say that a levy which is in the exact language of the statute is so indefinite that it should be enjoined. While this question was not directly passed upon, the view above presented is deducible from what is said by Judge McCay in the case of *Mitchell* v. *Speer*, 39 *Ga.* 56.

*Judgment reversed. All the Justices concurring.*