HOLT *et al.,* commissioners, *v.* SMITH *et al.*

A court of equity will not interfere with the discretionary action of the governing officials of a county within the sphere of their legally delegated powers, unless such action is arbitrary, and amounts to abuse of discretion.

No. 1211. APRIL 16, 1919.

Injunction. Before Judge Crum. Wilcox superior court. November 2, 1918.

*N. M. Patten* and *Hal Lawson,* for plaintiffs in error.

*Max E. Land* and *M. B. Cannon,* contra.

GEORGE, J. The County of Wilcox owned a small farm consisting of eighty acres, about seventy acres of which were in a fair state of cultivation, located near the geographical center of the county. The commissioners of roads and revenues of that county passed an order for the sale of this property and appointed three commissioners to make the sale. Certain citizens and taxpayers of the county filed their petition praying that the sale be enjoined. The court granted an interlocutory injunction, to which exception is taken.

There is no contention of lack of authority on the part of the county commissioners to sell the farm. See Acts 1895, pp. 351, 353, sec. 4. The sole point of difference is, that the complaining taxpayers are of the opinion that the county should retain the farm; that the county should own and maintain a permanent convict camp and stockade for the care of the mules and convicts used by the county in the working of its public roads; that the grain, hay, and other supplies necessary for the keeping of the mules and convicts should be raised by the county; that the land in question is reasonably productive, and can be made, under proper management, to yield a large portion of such supplies. On the other hand,

the county commissioners are of the opinion that the farm can not be and has not been properly operated; that it can not be made to produce any appreciable part of the supplies necessary in the maintenance of the county chain-gang; that it is not to the best interests of the county to maintain a central camp and stockade, but that the camp should be located at or near the point where the convicts are called upon to work; that the county is in debt and is paying interest upon borrowed money; that the farm, which can at the present time be disposed of for eight to ten thousand dollars, is too small to warrant the county in undertaking to operate it, because the successful operation of the farm by the county will necessitate the employment of a competent superintendent; and that the supplies can be purchased in the open market to better advantage. The evidence on behalf of the complaining taxpayers tended to sustain the view held by the plaintiffs; while the evidence on behalf of the commissioners tended to sustain their position.

The question is only the ordinary one upon which reasonable men will differ. In the nature of things the law cannot undertake, and has not undertaken, to prescribe the exact manner in which every official act must be performed. Something must be and has been left to the discretion of public officers, especially public officers who are called upon to perform purely administrative acts. There is in the pleadings and evidence not the slightest suggestion of fraud or corruption upon the part of the commissioners, nor is it even charged that they are controlled by political considerations, although it is charged that the terms of the commissioners would soon expire. Upon the authority of *Dyer* v. *Martin, 132 Ga.* 445 (64 S. E. 475), and *Dunn* v. *Beck, 144 Ga.* 148 (86 S. E. 385), and the cases cited in the opinions, it must be held that the instant case presents no such abuse of discretion by the administrative officers of the county in ordering the sale of the farm as to authorize the interference of a court of equity. The judgment granting the injunction must, therefore, be

*Reversed.   All the Justices concur.*