## JACKSON et al. v. STATE HIGHWAY DEPARTMENT OF GEORGIA et al.

HINES, J. 1. In designating and locating the entire system of State-aid roads, the effort shall be made by the State Highway Board to serve as large a territory and as many market points as practicable with said system, due consideration being given to topographic and construction difficulties, and to secure main trunk line routes through the State. Acts 1919, p. 248; Acts 1921, p. 199; 8 Park's Code Supp. 1922, § 828 (ppp).

2. Thus the two controlling purposes of the law governing the designation and location of a State-aid road are, first, to serve as large a territory and as many market points as practicable; and second, to secure main trunk line routes through the State. In the accomplishment of these purposes due consideration must be given to topographic and construction difficulties; and if the designation of either of two routes will serve as large a territory and as many markets, and equally secure a main trunk line route through the State, the route presenting the fewer topographic and construction difficulties should be selected by said board.

3. In designating and locating a State-aid road, the State Highway Board is invested with a large discretion. In determining the designation and location of such a road, they should take into consideration distance, cost of construction, including cost of rights of way, topographic and construction difficulties, expense of maintenance, territory and markets served, as well as all other circumstances affecting the construction and maintenance, and the securing thereby of a main trunk line route through the State.

4. A court of equity will not interfere with the discretionary action of this board in designating and locating a State-aid road, within the sphere of their legally delegated powers, unless such action is arbitrary and amounts to an abuse of discretion. Dyer v. Martin, 132 Ga. 445 (64 S. E. 475); Dunn v. Beck, 144 Ga. 148 (86 S. E. 385); Holt v. Smith, 149 Ga. 48 (99 S. E. 119).

5. The act of August 21, 1922 (Acts 1922, p. 176), which authorizes the State Highway Board to construct and maintain State-aid roads in and through towns or cities of not more than twenty-five hundred people, does not violate par. 1 of sec. 4 of art. 1 of the constitution of this State, which declares that "Laws of a general nature shall have uniform operation throughout the State, and no special law shall be enacted in any case for which provision has been made by an existing general law." Civil Code (1910), § 6391. This act has uniform operation throughout the State, and is not a special enactment in a case for which provision has been made by an existing general law. Bone v. State, 86 Ga. 108 (12 S. E. 205); Crovatt v. Mason, 101 Ga. 246 (28 S. E. 891); Starnes v. Mutual Loan & Banking Co., 102 Ga. 597 (29 S. E. 452); Thomas v.

Highways, 29 C. J. pp. 396, n. 24, 26, 27; p. 397, n. 30, 38 New; p. 456, n. 68, 70.

Injunctions, 32 C. J. p. 242, n. 71; p. 253, n. 43, 44.

Statutes, 36 Cyc. p. 991, n. 87, 88; p. 993, n. 93; p. 1008, n. 43.

*Austin,* 103 *Ga.* 701 (30 S. E. 627) ; *Adams Motor Co.* v. *Cler,* 149 *Ga.* 818 (102 S. E. 440) ; *Cooper* v. *Rollins,* 152 *Ga.* 588 (110 S. E. 726) ; *Abbott* v. *Commissioners,* 160 *Ga.* 657 (129 S. E. 38). The case ·at bar is clearly distinguishable from *Board of Commissioners* .v. *Americus,* .141 *Ga.* 542 (81 S. E. 435), and *Shore* v. *Banks County,* 162 *Ga.* 185 (132 S. E. 753).

6. Applying the above rulings, the trial judge did not err in sustaining the general demurrer to the petition.

No. 5773. June 30, 1927.

Equitable petition. Before Judge Park. Greene superior court. November 6, 1926.

*Joseph P. Brown,* for plaintiffs.

*Joseph G. Faust, Miles W. Lewis,* and *Seward M. Smith,* for defendants.

Hines, J. The following statement is material to an· under-· standing of the ruling in the fourth headnote: The choice was between two routes between Greensboro and Sparta, which we denominate A and B. A is a much ·traveled route in excellent repair, is the original county-site road leading from the former to the latter city, and is now being used, maintained, top-soiled, and worked by the State Highway Department. It runs through the town of Veazey in Greene County, and by the Harris grist and flour mill to Hancock County. It runs from Greensboro to the Hancock County line, a distance of about 15 miles. It traverses in the main a level country, with scarcely any crossing of streams requiring expensive bridges or large fills. It is a ridge road upon firm and dependable soil, and has been in use for nearly a century. It is a direct, straight course between said county-sites, and is shorter than route B. Great expense will be incurred by petitioners and other taxpayers in condemning rights of way for route B. The rights of way for route A have been acquired, and there will be no cost for that purpose on that route. Route 16, the State-aid· road from Eatonton to Sparta, runs into route A, eight or· nine miles out from Sparta, and will make route A eight or nine miles shorter and less expensive in both construction and maintenance. The county-site road from Milledgeville to Sparta runs into route A, some distance from Sparta, and this will make a saving of expense to petitioners and other taxpayers in the expenditure of the road funds of the county and State. In order for the road from Milledgeville or Eatonton to reach route B, they will have to cross route A, these routes being three miles

apart. At one time the Highway Department decided to use route A. Route B will go through the incorporated towns of Siloam and White Plains, in Greene County. It runs almost due east from Greensboro six miles to Siloam, thence due south six miles to White Plains, thence two miles to the Hancock County line, and thence about fifteen miles to Sparta. It is to constitute a link in Route 15, which is being constructed as a Federal-aid route, running from the northern to the southern boundary of the State, under Federal law, which requires the shortest available acceptable route, in order to participate in Federal funds. This route will require several miles of entirely new road, through forest and dense thickets, over rough and abandoned country and high hills, and will require the erection of expensive bridges and culverts, including the extra cost of several hundred thousand dollars over the cost of route A. To grade the new portion of this route will involve an expenditure exceeding $200,000. The Highway Department and the county authorities at one time decided to use route A, but the former has now decided to adopt route B. The above facts, setting forth the advantages and disadvantages of each of these routes, are stated in the plaintiffs' petition, and the demurrer to the petition admits them to be true. In these circumstances did the State Highway Board abuse its discretion in selecting route B, instead of route A? The facts in favor of the advantages of route A are weighty and persuasive, and might well justify the selection of this route; but when we consider the chief purposes to be accomplished by designating and locating the State-aid roads, we can not say that the officials abused their discretion in selecting route B, especially when their discretion has been approved by the able trial judge who passed on this case in the court below.     *Judgment affirmed. All the Justices concur.*