## MURPH et al. v. MACON COUNTY et al.

RUSSELL, C. J. 1. By the provisions of section 1 of the act approved August 10, 1921 (Ga. L. 1921, p. 199, 200), the State Highway Department was empowered to take over State-aid roads on or before January 1, 1922, with an express provision that in so doing the department was not to be bound to the right of way of the road-bed as located prior to January 1, 1922. It is expressly provided in the act that the highway department "shall have the right to resurvey and relocate said road-bed and right of way, and it shall be the duty of the county or counties in which resurveys and relocations are made to furnish the right of way or the relocation and resurvey free of charge to said highway department;" and that the highway department, in relocating the road or right of way, shall confer with the county authorities and give due consideration to their wishes, but in case of disagreement the judgment of the State Highway Board shall prevail. Properly construed, the above provisions authorize the State Highway Department to resurvey and relocate a road which has been officially designated and maintained as a State-aid road on September 23, 1921, provided there is no material change in the general direction and location of the designated road other than such as is dictated by the public interest in establishing a route for use as a State highway system, taking into consideration distance, cost of construction, topographic and construction difficulties, expense of maintenance, the safety of travelers, and "all other circumstances affecting the construction and maintenance, and the securing thereby of a main trunk line route through the State." *Jackson* v. *State Highway Department*, 164 *Ga.* 434 (3) (138 S. E. 847).

2. "A court of equity will not interfere with the discretionary action of this board in designating and locating a State-aid road, within the sphere of their legally delegated powers, unless such action is arbitrary and amounts to an abuse of discretion." *Jackson* case, supra, and cit.

3. The resolution of the county authorities which is attacked upon the ground that it is too vague and indefinite to be operative and effective is not subject to that objection. Applying the maxim id certum est quod certum reddi potest, its meaning is sufficiently plain, if not obvious.

4. In view of the fact that the State Highway Department is clothed with large discretion in the relocation of State-aid roads, it can not be said as a matter of law that the change of route as proposed by the resurvey and relocation in this case of four miles in a highway which extends for thirty miles in the county in which the proposed change is located, as well as a considerably larger distance in other counties both north and south, is a material change, when the circumstances following such change are: (1) A shortening of the distance of the route of more than a mile is effected, the cost of building which amounts to between $25,000 and $30,000. (2) The relocation of this portion of the road removes three rectangular turns of approximately ninety degrees each in the highway, and prevents the probable recurrence of serious injury to travelers which have accrued in the past. (3) The proposed relocation of the route occupies and crosses a portion of the right of

860

way of the former highway, and it is not more distant at any point from the former highway than one mile; and as the lines marking the right-angle turns in the former route approach nearer the relocation, the distance is accordingly diminished as the proposed route rejoins the location of the highway which is unchanged. (4) It is undisputed that there is no intention on the part of the county authorities to abandon the portion of the highway omitted from route number 49 in its relocation. On the contrary, this road will be maintained as a portion of the county system of roads.

5. The advertisement giving notice of the purpose, etc., for which the proceeds of the bonds were to be used stated that the question to be determined in the election was "whether bonds shall be issued . . for the purpose of raising funds to be applied alone to the work of paving the public road of said county leading from the line of Peach County through said Macon County to the line of Sumter County, known as the Dixie Highway." There is no reservation that the funds should be applied to the paving of the Dixie Highway as designated at any previous time or as it existed at the time of the election, as argued. It is conceded that the Dixie Highway referred to and State Route No. 49 are the same route and road. In view of the ruling first above, and the fact that the State Highway Department had the right to relocate the highway where the change was necessary to the construction of a State-aid route under the principles hereinbefore announced, the county commissioners of roads and revenues had the right to use the funds from the sale of the bonds for paving the relocated portion of the Route No. 49. The funds must be used for the Dixie Highway Route No. 49 *alone*, and this requirement applies as well to the Dixie Highway State Route No. 49 as legally resurveyed and relocated, as it would had the route remained unchanged. Knowledge of the law being presumed, and the right to relocate portions of that route without abandoning it having been conferred upon the State Highway Department by the act of 1921, it is to be presumed that the voters in the election in 1925 voted with knowledge of that right and of the possibilities of there being a relocation.

6. Under the principles announced above the court did not err in refusing an interlocutory injunction.

*Judgment affirmed. All the Justices concur.*

No. 6493. FEBRUARY 18, 1929.

*A. J. Perryman,* for plaintiff.

*R. L. Greer* and *John M. Greer,* for defendants.