BLACKWELL *et al. v.* STATE HIGHWAY BOARD OF GEORGIA *et al.*

No. 8151. SEPTEMBER 17, 1931. REHEARING DENIED OCTOBER 1, 1931.

396

*C. L. Redman, Warren Grice, C. L. Bartlett, Alene Hardin,* and *Hooper & Hooper,* for plaintiffs.

*S. M. Mathews, J. D. Kilpatrick, W. H. Key,* and *A. S. Thurman,* for defendants.

HILL, J. It is insisted by the plaintiffs that the location of the State-aid road by the State Highway Board of Georgia was arbitrary and an abuse of discretion, inasmuch as there was another road which paralleled it some distance off, and which was the United States mail route serving that section of Jasper County. In *Jackson* v. *State Highway Department of Georgia,* 164 *Ga.* 434 (4) (138 S. E. 847), it was held: "A court of equity will not interfere with the discretionary action of this board in designating and locating a State-aid road, within the sphere of their legally delegated powers, unless such action is arbitrary and amounts to an abuse of discretion. *Dyer* v. *Martin,* 132 *Ga.* 445 (64 S. E. 475); *Dunn* v. *Beck,* 144 *Ga.* 148 (86 S. E. 385); *Holt* v. *Smith,* 149 *Ga.* 48 (99 S. E. 119)." And see, to the same effect, *Raines* v. *Terrell County,* 169 *Ga.* 725 (151 S. E. 509). In view of the evidence in the case on behalf of the State Highway Board, we can not say that the action of the State High-

way Board in locating the road under construction was arbitrary and was an abuse of discretion.

J. C. Newton testified, among other things: "The present road in use is circuitous and full of curves, and more than one mile longer than the road proposed by the State Highway Board of Georgia between Machen and Monticello. That the establishment of the new road as adopted as part of the State highway system of county-site to county-site roads will be beneficial to the public generally, and to the local people of the county who have occasion to traverse the same between Machen and Monticello, while on the other route but one of the petitioners in the above-stated case actually lived on their lands served by said roadway, and none of the landowners on the old roadway will be injured or damaged in any respect whatsoever, as said old roadway will be maintained, kept up, and improved by the authorities of Jasper County, so that no one of the landowners, and especially of the plaintiffs, will suffer any inconvenience whatsoever, but will still have the same facilities and same accommodations that they now have."

E. T. Leverett testified: "That the work on project B [the road under construction] has been proceeding orderly, beginning at the northern end, about one and a half miles south of Machen, and working in a southerly direction toward Monticello; that he has not been skipping and jumping property in order to get on the premises of one of the plaintiffs, to wit, C. L. Bartlett; that the work is proceeding orderly and about to completion, as far as grading is concerned, to the property line of C. L. Bartlett; that project B is the original location, and not a relocation by the State Highway Board of route 83 between Monticello and the Morgan County line. Deponent further says that there has been no trespassing on any of the properties of the plaintiffs, and that no right of way was cleared on the road running through C. L. Bartlett's land until after condemnation proceedings were had and an award made by the assessors agreed upon and appointed by the superior court of Jasper County, Georgia, and not until after the award was paid into the registry of the court. Deponent further says that project B as located by the State Highway Board cuts out two dangerous railroad crossings and is more a direct route than the present county road from Monticello to Machen."

J. W. Barnett testified: "That deponent is chairman of the State Highway Board; that there have been two or three hearings regarding the location of project G-41-B, on route 83 in Jasper County by the State Highway Board, and that same has been thoroughly considered after the hearings had, and the location made after the hearings and the recommendations as to the cost and topography of the country traversed by said road, considering the people to be served, the market centers to be served, and the safety of the road. Deponent further says that at the last hearing in June, or the first of July, he stated to the delegation opposing the said road that the work would not be authorized until rights of way were obtained by deed or until after the first papers of condemnation were served on those refusing to give deeds to rights of way or easements obtained from the proper authorities. Deponent further says that the work was later authorized on the advice of the county authorities of Jasper County that the first papers in condemnation had been served; that the location made is the original location of the Monticello-Machen route in Jasper County, and in making same the board, after hearings with the commissioners of roads and revenues of Jasper County, made same because they thought it could be built more economically, would be a far safer road there, and would serve the marketing centers and local people well, and is the best location for a State-aid road between Monticello and Madison, Georgia."

R. G. Minter testified: "That he is the resident engineer in the third division in which project G-41-B, known as project B, on route 83 in Jasper County, Georgia, is now being constructed; that the contractor, Jasper County, operating through its wardens and chain-gang force, has proceeded orderly in its construction work, beginning at the northern end of project B, and has practically completed all grading for the approximate distance of three and a half miles on said project, and that there has been no skipping or jumping about in order to get on the lands of the plaintiff, C. L. Bartlett. That approximately fifty per cent. of the grading on project B, above designated, has already been completed, and that in the event this location should be abandoned both the State of Georgia and Jasper County would lose many thousands of dollars. Deponent further says that the present location, known as the Wilson route, is considerably shorter and less

expensive to build than the route contended for by the plaintiffs in the above-stated case."

W. S. Dennis testified: "That he is division engineer of the third division of Georgia, and as such has the general supervision of the construction of project B, route 83, in Jasper County, Georgia. Deponent further says that he, together with C. W. Wright, assistant engineer of the State Highway Board of Georgia, made investigation of what is known as the Wilson route or survey, and what is known as the Morgan route or survey. That in making this investigation due consideration was given to the topography of the country, the marketing points to be served, the length of the road, the elimination of railroad-crossings, and the general cost of construction and maintenance; and after a thorough survey, and after conferring with the board of commissioners of Jasper County, Georgia, a recommendation was made by the State Highway Board for the adoption of the Wilson route, as it could be built at the approximate sum of $34,000 cheaper than the Morgan route."

J. A. Kelly testified: "That he is chairman of the board of roads and revenue of Jasper County, Georgia; that he is familiar with the location of State highway No. 83 between Monticello and Machen; that the petitioners have known, since the filing of the condemnation proceedings in June, that the work on project B was proceeding; that the petitioners nor any one else sought any injunction to restrain the building of this project until several days after the award made by the assessors in the condemnation proceedings brought against petitioner, C. L. Bartlett. That the petitioners stood silently by and permitted the State and county to proceed with the construction of this road to the probable extent of forty odd thousand dollars," etc.

From the foregoing evidence, and more to the same effect, it can not be said that the State Highway Board abused its discretion in locating the highway route No. 83, which is now under construction. Nor can it be said, under the facts and circumstances of this case, that the court abused its discretion in refusing an interlocutory injunction.

*Judgment affirmed. All the Justices concur.*
RUSSELL, C. J., concurs in the result.