CRUMP *et al.* *v.* STATE HIGHWAY DEPARTMENT *et al.*

GRICE, Justice.  1.  A court of equity will not interfere with the discretionary action of the State Highway Department in locating, grading, and improving a proposed State-aid highway, within the sphere of their legally designated powers, unless such action is arbitrary and amounts to an abuse of discretion.  *Dyer* v. *Martin*, 132 *Ga.* 445 (64 S. E. 475); *Dunn* v. *Beck*, 144 *Ga.* 148 (86 S. E. 385); *Holt* v. *Smith*, 149 *Ga.* 48 (99 S. E. 119); *Jackson* v. *State Highway Department*, 164 *Ga.* 434 (4) (138 S. E. 847); *Murph* v. *Macon County*, 167 *Ga.* 859 (146 S. E. 845); *Raines* v. *Terrell County*, 169 *Ga.* 726 (151 S. E. 509); *Harrell* v. *Smith*, 149 *Ga.* 584 (101 S. E. 771); *Blackwell* v. *State Highway Board*, 173 *Ga.* 392 (160 S. E. 503); *Commissioners of Habersham County* v. *Porter Mfg. Co.*, 103 *Ga.* 613 (30 S. E. 547).

2.  Under the evidence in the record the judge was authorized to find that there was no such arbitrary action or abuse of discretion on the part of the administrative officials; and hence his refusal to grant an injunction will not be reversed.  That the order of refusal, referring to the authority to decide the routes of highways, added that "This is within the exclusive power and discretion of the State Highway Board, who are denied, however, the privilege of acting with gross abuse of discretion," affords no reason for taking this case out of the general rule above stated.          *Judgment affirmed.*   *All the Justices concur.*

No. 13535.   NOVEMBER 12, 1940.

*Converse & Coleman* and *Franklin & Eberhardt,* for plaintiffs.

*Lamar Murdaugh, C. E. Jackson, D. C. Chalker, A. J. Little,* and *Copeland & Dukes,* for defendants.