1. A court of equity will not interfere with the discretionary action of the State Highway Department in locating, grading, and improving a proposed State-aid highway, within the sphere of their legally designated powers, unless such action is arbitrary and amounts to an abuse of discretion. Dyer v. Martin, 132 Ga. 445 (64 S.E. 475); Dunn v. Beck, 144 Ga. 148 (86 S.E. 385); Holt v. Smith, 149 Ga. 48
(99 S.E. 119); Jackson v. State Highway Department, 164 Ga. 434
(4) (138 S.E. 847); Murph v. Macon County, 167 Ga. 859
(146 S.E. 845); Raines v. Terrell County, 169 Ga. 726
(151 S.E. 509); Harrell v. Smith, 149 Ga. 584
(101 S.E. 771); Blackwell v. State Highway Board, 173 Ga. 392
(160 S.E. 503); Commissioners of Habersham County v. Porter Mfg. Co., 103 Ga. 613 (30 S.E. 547).
2. Under the evidence in the record the judge was authorized to find that there was no such arbitrary action or abuse of discretion on the part of the administrative officials; and hence his refusal to grant an injunction will not be reversed. That the order of refusal, referring to the authority to decide the routes of highways, added that "This is within the exclusive power and discretion of the State Highway Board, who are denied, however, the privilege of acting with gross abuse of discretion," affords no reason for taking this case out of the general rule above stated.
Judgment affirmed. All the Justicesconcur.
 No. 13535 NOVEMBER 12, 1940.
On July 13, 1940, Arthur Crump and others, in their official capacities as members of the Board of Trustees of the Hahira Consolidated School District, and in their individual capacities as citizens and taxpayers of the State of Georgia and County of Lowndes; and Chet Wetherington and others, in their official capacities as citizens and taxpayers of the State of Georgia and County of Lowndes, filed a petition against the State Highway Department of Georgia, and against W. L. Miller, Lawson L. Patten, and Herman Watson, in their official capacities as members of the State Highway Board and in their individual capacities, and against J. C. Hunt, William Wisenbaker, and Zeno Barfield, in their official capacities as members of the Board of Commissioners of Roads and Revenues of Lowndes County, and in their individual capacities; and against Lowndes County, for an injunction, temporary and permanent, enjoining the defendants from doing any act in grading, constructing, or otherwise improving that portion of the proposed State-aid highway from Lakeland to and through the town of Hahira, which embraces East Main Street in Hahira, which *Page 131 
street runs through the grounds of the Hahira Consolidated School District; and from acquiring by purchase condemnation, or any other procedure any rights of way on East Main Street in Hahira for the purpose of embracing the same in such proposed or planned State-aid road, and from removing or causing to be removed any house or other structure on East Main Street, lying in the way of such proposed State-aid road, as will embrace East Main Street in Hahira, and from doing any other act that will change the present status of East Main Street in that town. The petition alleged, that the State Highway Department, acting by and through the State Highway Board, had so located the State-aid road as to extend it through the school grounds of the Hahira Consolidated School District whereat over five hundred students, ranging in age from six to eighteen years, were attending school; and that in so locating the road through the school grounds an unnecessary and useless hazard was created endangering the lives, limbs, and health of the school children. The petition also alleged that there were two other equally available routes through two streets running parallel with the one selected as part of the highway and lying north one and two blocks, respectively, and that, on account of these facts and many other facts alleged in plaintiffs' petition, as amended, the action of the State Highway Department, acting by and through the State Highway Board, in so locating said State-aid road, was arbitrary and capricious and amounted to an abuse of discretion.
Miller, Patten, and Watson, in their official capacities as members of the State Highway Board, filed their general and special demurrers to the petition, and, subject to such demurrers, filed their plea and answer to the petition. Hunt, Wisenbaker, and Barfield, as commissioners of roads and revenues, filed their plea and answer, and the Town of Hahira intervened as a party.
At the hearing the judge presiding announced that he would not pass on the demurrers, but would take the same into consideration in granting or refusing an injunction. The evidence on the issues formed by the pleadings was conflicting. In affidavits introduced by the defendants the affiants, some of whom were citizens of Hahira, and others engineers with the State Highway Department, expressed their opinion that the traffic hazard to the public at large, including school children, would not be greater with the highway located as proposed than it would be if located along the *Page 132 
routes suggested by the petitioners. At the conclusion of the hearing the judge passed an order as follows: "Upon consideration it is held that courts have no authority to decide the routes of the highways in Georgia. This is within the exclusive power and discretion of the State Highway Board, who are denied, however, the privilege of acting with gross abuse of discretion. Following the mandate of the law and considering the evidence in the cause and the law, I find it necessary to deny the injunction as prayed." To this order the petitioners excepted.