18711. McCONNELL *et al.,* Commissioners, *v.* WILSON, Sheriff.

ARGUED SEPTEMBER 14, 1954—DECIDED OCTOBER 13, 1954.

*Dunlap & Dunlap, Wm. R. Gignilliat, Jr.,* for plaintiffs in error.
*Brannon & Brannon, E. C. Brannon, Sr., Telford, Wayne & Smith,* contra.

WYATT, Presiding Justice. "The discretion vested in the county authorities must be from the nature of the case a broad one, and therefore the reviewing power of the judge of the superior court must be exercised with caution, and no interference had unless it is clear and manifest that the county authorities are abusing the discretion vested in them by law." *Commissioners of Habersham County* v. *Porter Manufacturing Co.,* 103 *Ga.* 613, 617 (30 S. E. 547). "When the commissioners ordered the sale of the pauper farm, they exercised an administrative act; and the courts have no authority to inquire into the expediency of their action, unless it is made to appear that they either exceeded their powers under the law, or in the exercise of that power there was a manifest abuse of discretion. When their action within the scope of the powers conferred on them by law is sought to be restrained by a complaining taxpayer, the question is, not whether the court or other taxpayer may have honestly differed with the commissioners as to the wisdom of their course, but whether that course of action is so palpably against the best interests of the county as to amount to an abuse of their discretion." *Dyer* v. *Martin,* 132 *Ga.* 445, 450 (64 S. E. 475).

An examination of the allegations as set out substantially in the statement of facts clearly indicates that the allegations of the petition consist primarily of conclusions and opinions with no facts upon which they are based. Allegations to the effect that the land in question is "a necessary and essential part of the Hall County jail grounds and buildings," that the land has been used beneficially and advantageously, is being used advantageously, and will "become more necessary and beneficial in the future," that the land has not become unserviceable, and other similar allegations throughout the petition are simply statements of opinion or conclusions of the pleader and state no facts which are sufficient to authorize a court of equity to interfere with the discretion of the commissioners.

The allegations of fact which are relied upon as showing that the land has not become unserviceable, and that the commissioners abused their discretion in so deciding, are those allegations

relating to the use of the land by the sheriff as an exercising ground for prisoners in his custody and to the effect that it would be a good place to build a juvenile detention home, which it is alleged Hall County will have to build in the "near, if not immediate, future."

The allegations with reference to the use of the land as an exercising ground for prisoners are to the effect that the land is desirable and necessary for that purpose; that the sale of the land will materially hamper and interfere with the sheriff in the exercise of his official duties, in that he will be deprived of a place to exercise prisoners; and that the lot is properly fenced and is the only lot owned by Hall County that is properly equipped for this purpose.

As will be seen from these allegations, the Sheriff of Hall County disagrees with the county commissioners as to the desirability of selling the property in question, but he alleges no facts which amount to an abuse of discretion on the part of the commissioners. It is not alleged that the proposed sale consists of all the grounds of the Hall County jail that are suitable for exercising prisoners, or that the commissioners have failed or refused to make provision for exercising prisoners. In fact, the description of the land attached to the petition shows that only a portion of the lands of the Hall County jail is here involved. Under the allegations of the petition, the commissioners could decide, without abusing their discretion, that the land remaining after the proposed sale is completed is sufficient for the purpose of exercising prisoners, and that the land which it is proposed to sell is unserviceable for county purposes.

The allegations with respect to the juvenile detention home are to the effect that the jail is equipped with a laundry and with kitchen facilities sufficient to take care of a juvenile detention home, which Hall County will have to build in the near, if not the immediate, future; that this property is the only property which can be advantageously used for this purpose; that the county would be forced to buy other property and could not avail itself of the laundry and kitchen now in use adjacent to the land, and would have to maintain duplicate facilities. These allegations are merely conjecture as to what might happen in the future. It is not even alleged that Hall County is planning

to build a juvenile detention home now or at any other time, what type of construction it will be, or if the lot is of suitable size, shape, and location for such building, or any other fact to substantiate the claim that the lot is not unserviceable because it would be a good place to build such a home. The commissioners need only to determine that the lot is now unserviceable for county purposes. The Commissioners of Hall County are the proper authorities for determining if, when, and where a juvenile detention home for Hall County should be erected. The very fact that the land is adjacent to the Hall County jail might very well be a good reason why they would decide to build it elsewhere.

These allegations simply do not show any abuse of discretion on the part of the commissioners in deciding that the land in question is unserviceable for county purposes and that it should be sold. Again, they show only that the sheriff does not agree with the wisdom of the decision of the commissioners; but, as held in *Dyer* v. *Martin,* supra, this is not a sufficient reason for the interference of a court of equity. It follows, therefore, the judgment of the court below overruling the general demurrer to the petition was error and must be reversed.

2. Since the rulings above made dispose of the case, no ruling is necessary on the other questions raised in the record in this case.

*Judgment reversed. All the Justices concur.*