### TOWN OF CAMAK *et al.* v. STATE HIGHWAY BOARD *et al.;* et vice versa.

GILBERT, J. 1. A court of equity will not interfere with the discretionary action of the State Highway Board in designating and locating a State-aid road, within the sphere of their legally delegated powers, unless such action is arbitrary and amounts to an abuse of discretion. *Jackson* v. *State Highway Department,* 164 *Ga.* 434 (4) (138 S. E. 847), and cit.

2. On the hearing the evidence authorized the finding that the road contended for by plaintiffs had never been designated, laid out, or constructed; also that there was no abuse of discretion. Accordingly, the denial of an injunction will not be reversed.

*Judgment affirmed on main bill of exceptions; cross-bill of exceptions dismissed. All the Justices concur.*

Nos. 6446, 6460. MAY 16, 1928.

Petition for injunction.   Before Judge Perryman.   Warren superior court.   December 28, 1927.

The Town of Camak, its mayor and councilmen, and another person brought an equitable petition against the State Highway Board of Georgia and D. E. Johnson, sole county commissioner of Warren County, and set up that said highway board was about to execute a contract with a road builder to construct State Route No. 17, which was to run from Macon to Augusta as a part of the system of State-aid roads, so as to pass through Warrenton, Warren County, then directly to Thomson, McDuffie County, and not to pass through Camak; that State Route No. 12, from Atlanta to Augusta, a part of said State-aid system, had not yet been established through any part of said county; that the cost of constructing Route 17 from Macon through Warrenton and Camak to Augusta would be about half the cost of constructing the same from Macon through Warrenton to Augusta without passing through Camak, would be more practical, serve a thousand more people and serve more markets, especially so if Route 12 should also pass through Camak and there join Route 17, forming one route thence to Augusta; that to run through Camak would make Route 12 three miles shorter and Route 17 only one mile longer than contemplated, and make both routes cost much less money; that about two years previously the commissioners of Warren County signed an agreement with said highway board by which the commissioners set aside $6000 to be used on Route 17, in consideration of which said board agreed to run Route 17 through Camak, but the board is now threatening to violate that agreement; that Johnson is now the only commissioner of Warren County, and he is threatening to expend said $6000 on Route 17, even if not run through Camak; that only by injunction directed to the board and to Johnson would irreparable damage to petitioners be prevented.   The prayers were, that the board be enjoined from constructing or maintaining Route 17 without running the same through Camak, and from executing any contract to so do; and that Johnson, as county commissioner, be enjoined from expending any of said $6000 or any other county money on said route unless it were run through Camak.

On the day of the interlocutory hearing plaintiffs offered two amendments to their petition, to the allowance of which the de-

fendants objected on the grounds that said amendments "neither in themselves nor in connection with the original petition set out any cause of action whatsoever, . . and the court had no coercive power to force the defendants to build said State-aid road by Camak." The court overruled the objections and allowed said amendments, which, in substance, set up as follows: That pursuant to a mass meeting of citizens, request was made upon the county commissioners to secure passage of said road through Camak, and a petition signed by citizens was presented to the highway board to that end, and said board "established said highway through Camak;" that it would be an abuse of discretion now not to so locate said route; that Johnson was not a member of the board of commissioners when the resolution authorizing expenditure of said road funds was passed, but is now "working in conjunction with said highway board" to prevent running the road through Camak; and that plaintiffs only recently learned of the "subterfuge and scheme to illegally . . locate said Macon-Augusta route so as to leave Camak off the route, which would be in violation of the law providing that State highways shall be located with a view, not only to distance and cost of construction, but also with a view to the number of people and market points to be served."

The defendants demurred to the petition upon the grounds that it set up no cause of action; that there was a misjoinder of parties defendant; that location of State-aid roads was within the discretion of the highway board, county commissioners, and Federal government, and was not a matter for control by any court unless said discretion was shown to have been arbitrarily exercised; that plaintiffs were not parties to the contract for setting aside the sum named in the petition in return for a certain location of the road, and failed to attach a copy of it; that the petition fails to show wherein irreparable damage would arise, as failure to run said road through Camak would leave plaintiffs in the same position they are now in, and no trespass is alleged. The court overruled the demurrer. The defendants also answered the petition, setting up that the county commissioners had only passed a resolution making the highway board their agent to build a road beginning at Warrenton and passing through Camak on the route to Augusta, and therefore, being without an interest, the same was revocable;

that in fact said resolution was rescinded by said commissioners who provided for the road now being planned, known as the Warrenton and Thomson road, in its stead, said other road never having been approved by the highway board, but the same was disapproved by the Federal engineer; that plaintiffs had knowledge of these facts, and of the fact that considerable sums of money had been expended on the road that was approved, some $5800 having been paid out by Johnson, commissioner, and failed to act while such plans were going forward, thereby now being estopped from making said objections, the said approved road having been already declared by said engineer as a part of the Federal-aid road system.

On the hearing both sides introduced affidavits and documentary evidence setting up their respective contentions. The court denied an injunction. To this judgment the plaintiffs excepted. To the order overruling their objections to allowance of the amendments, and their demurrer to the petition, the defendants excepted by cross-bill.

*J. B. & T. R. Burnside,* for plaintiffs.

*E. P. & J. Cecil Davis,* for defendants.