Gerald Nolan, J.
In this proceeding pursuant to article 78 of the Civil Practice Act the respondents have moved to dismiss the petition on the grounds that the court does not have jurisdiction of the subject matter, and that the petition does not state facts sufficient to entitle the petitioners to any relief. In my opinion, although the question is not entirely free from doubt, the motion must be granted on the latter ground.
Petitioners seek in this proceeding to review a determination made by the respondent McMorran, as New York State Superintendent of Public Works, acting under legislative authority pursuant to section 85 of the Highway Law and the Federal Aid Highway Acts (U. S. 'Code, tit. 23, § 101 ei seq.), and the rules and regulations promulgated thereunder (Code of Fed. Beg., tit. 23, ch. 1, part 1). By the determination complained of the Superintendent selected and designated a route referred to in the petition as the “ Chestnut Bidge Boute ” as the site of a portion of the Federal Aid Highway System, designated as “Interstate Highway 87”, and requested approval by the Federal Highway Administrator of the route selected. It is asserted in the petition, on the basis of facts which lend support to petitioners’ position that in making the selection of this route the Superintendent exceeded his authority, and failed to exercise his duties in the manner required by law, and that as a result there will be a taking of property without due process of law, in contravention of the Fourteenth Amendment of the Constitution of the United States and section 6 of article I of the Constitution of the State of New York. Petitioners have not alleged, however, that any of them is the owner of property which lies within the boundaries of the route selected, or that the acts of the Commissioner will result in the taking of any of their property or its diminution in value, or that any special personal right of any petitioner has been affected by the action complained of. It is alleged that the making of the determination will, if implemented, adversely affect the economic, cultural, aesthetic and conservation interests of the area traversed, and that it will cause irreparable injury to the petitioners, but the petition does not allege that any petitioner has been or will be deprived of any enjoyment or profit which he would otherwise derive from his property.
*718 It is also alleged that each petitioner is a citizen and a taxpayer of the State of New York and a citizen of the United States, and that each, except the petitioner E. Monroe O’Flyn, is a resident of and an owner of real property in the Town of Bedford, in Westchester County, New York, and that petitioner E. Monroe O’Flyn is a resident of and the owner of real property in the Town of Pound Ridge. .
It is alleged that the route selected is in direct variance with long-standing planning proposals and recommendations, and that the route is in many respects inferior to an alternate route favored by petitioners and many State and local governmental bodies, and that it will do irreparable damage to certain bird sanctuaries located in the county. Facts are also stated in support of petitioners’ contention that the Superintendent did not act in accordance with law, or with the standards provided by the Legislature.
The relief sought is an order annulling and setting aside the determination, and the submission of the route for Federal approval, and restraining respondents from constructing the highway, and from implementing any agreement with the United States Bureau of Public Roads for the construction of the route. The selection of such a route by the Superintendent does not, ipso facto, appropriate any private property for public use. If property is to be appropriated, however, for use as part of the Federal Aid Highway System, the routes for the highways must be selected by the State Highway Department, and approved by the Secretary of Commerce, who acts in such matters through the Federal Highway Administrator (U. S. Code, tit. 23, § 103; 23 Code of Fed. Reg., §§1.3, 1.6, 1.37) and on approval by the Administrator of the selection or designation of Systems of Federal Aid Highways by the State Highway Department such highways become portions of the Federal Aid Highway Systems. (23 Code of Fed. Reg., § 1.6.) Actual appropriation by the State (Highway Law, § 29) or by the United States (U. S. Code, tit. 23, § 107) follows approval of plans, specifications and estimates. The selection of the routes by the Superintendent and the transmission of the selection for Federal approval are essential steps, which must be taken as part of the procedure necessary in the exercise by the State of the power of eminent domain, which the State has delegated to the Superintendent (Highway Law, §§ 29, 85) in compliance with the provisions of the Federal Aid Highway statutes and regulations. Such being the case, although the acts of the Superintendent are not immune from judicial review, if he has acted in excess of his authority, or has not proceeded in the manner authorized *719 by law (cf. Ontario Knitting Co. v. State of New York, 205 N. Y. 409; Society of N. Y. Hosp. v. Johnson, 5 N Y 2d 102) the necessity or expediency of the taking or the question whether the taking of land in another location will better suit the economic, cultural, aesthetic, or conservation needs of the county, and its residents, are not judicial questions. The power of eminent domain resides in the Legislature, and may be exercised by the Legislature, or delegated by it to public officers, and the questions to be determined in the selection of the land to be taken are legislative, no matter who may be charged with their decision (cf. Rindge Co. v. Los Angeles, 262 U. S. 700; People v. Adirondack Ry. Co., 160 N. Y. 225). Moreover, while the courts have the power, in appropriate actions or proceedings, to see to it that due process of law is observed in the exercise of the right of eminent domain, and that the power, if delegated, is exercised in the manner provided by law, the difficulty here is that petitioners have sought relief in a proceeding under article 78 of the Civil Practice Act. Proceedings are authorized under that section of the act to review determinations made by bodies or officers exercising judicial, quasi-judicial, administrative or corporate functions which involve an exercise of judgment or discretion (Civ. Prac. Act, § 1284). The action by the Superintendent was legislative in character and may not be reviewed under article 78 (cf. Matter of Brent v. Hoch, 13 A D 2d 505; Matter of Schulman v. McMorran, 9 A D 2d 1007; Matter of Neddo v. Schrade, 270 N. Y. 97). However, even if the determination might be considered as administrative, for the purposes of review as to reasonableness or to determine whether the Superintendent acted in excess of the grant of authority given him by statutes or in disregard of the standards prescribed by the Legislature (cf. Matter of Lemir Realty Corp. v. Larkin, 11 N Y 2d 20, 24; Matter of Guardian Life Ins. Co. v. Bohlinger, 308 N. Y. 174) the petition does not state facts sufficient to establish that any of the petitioners has sufficient standing to bring this proceeding.
It is not asserted that petitioners have any interest in the matter which is not common to all residents of the county or to all owners of property in the portion of the county through which the proposed highway will pass. As private persons, petitioners apparently seek to act as champions of the community in requiring the Superintendent to defend his official act. However commendable that purpose may be, it does not provide petitioners with a cause of action, nor may the constitutional questions which they present be decided in the absence of special injury or damage to their personal or property rights *720 (cf. Doolittle v. Supervisors of Broome County, 18 N. Y. 155; Schieffelin v. Komfort, 212 N. Y. 520, 530, 533; Headley v. City of Rochester, 272 N. Y. 197; Kipp v. Incorporated Vil. of Ardsley, 13 A D 2d 1012; Blumberg v. Hill, 119 N. Y. S. 2d 855). A different case would be presented if this were an application for an order in the nature of mandamus to compel the performance by a public officer of a public duty. In such cases any citizen and elector has a sufficient interest to make the application (cf. People ex rel. Daley v. Rice, 129 N. Y. 449; Matter of McCabe v. Voorhis, 243 N. Y. 401).