■ In the Matter of LELAND S. BROWN et al., Respondents-Appellants, v. J. BURCH McMORRAN, as Superintendent of the New York State Department of Public Works, et al., Appellants-Respondents.— In a proceeding under article 78 of the former Civil Practice Act, to review a determination by the Superintendent of Public Works, dated January 9, 1963, which selected the easterly rather than the westerly route for the middle section of proposed Interstate Highway 87 through the northern part of Westchester County, the parties, by permission of the Special Term, cross-appeal as follows from an order of the Supreme Court, Westchester County, dated February 3, 1964 (see 39 Misc 2d 716; 42 Misc 2d 211): (1) The petitioners appeal from so much of the order as denied the relief demanded in the amended petition and, instead, continued the proceeding as an action for a declaratory judgment and for an injunction. (2) The Department and the Superintendent of Public Works and other State officials appeal from so much of the order as denied their motion to dismiss the amended petition and for summary judgment in their favor. On appeal by the Department of Public Works and the State officials: Order, insofar as appealed from, reversed on the law, without costs; their motion to dismiss the amended petition and for summary judgment granted; and amended petition dismissed, without costs. Petitioners' appeal dismissed, without costs, as academic. In our opinion, section 85 of the Highway Law directs the Superintendent of Public Works to do all acts necessary to comply with the Federal Aid Highway Acts (U. S. Code, tit. 23, § 101 et seq.) and the rules and regulations promulgated thereunder. This State statute (Highway Law, § 85) evinced the clear intent of the State Legislature to secure all the funds allotted to the State by the Federal Government

for construction of roads in the interstate system. Therefore, unless the State Superintendent of Public Works complied with the conditions imposed by the Federal Highway Administrator and secured the latter's approval, the intention of the Legislature would be defeated. Under these circumstances, relocation of the middle section of the route in order to obtain Federal approval and thereby to obtain Federal funds of approximately $54,000,000 was consistent with and in fulfilment of the purpose of the State statute (Highway Law, § 85), even though the selection of the route may have been contrary to certain local interests, especially where there is no contention that the selection of the easterly route was not in accordance with the larger purpose of promoting the general national welfare, the national and civil defense, and interstate commerce (*Eargle* v. *Richland County Permanent Roads Comm.*, 123 S. C. 368; *Singeltary* v. *Heathman*, 300 S. W. 242 [Tex.], affd. *sub nom. Heathman* v. *Singeltary,* 12 S. W. 2d 150 [Tex.]; *Logan* v. *Matthews,* 330 Mo. 1213). Nor does the State statute (Highway Law, § 85) transgress the prohibition contained in section 16 of article III of the State Constitution, since the statute does not incorporate the Federal acts by reference (*People ex rel. Everson* v. *Lorillard,* 135 N. Y. 285). Beldock, P. J., Ughetta, Christ, JJ., concur; and Hopkins, J., concurs, with the following additional memorandum, in which Christ, J., concurs: Recent comment has suggested that the courts ought to review more freely the exercise of administrative discretion which rises to the dignity of "legislative action" (Fox, Reviewability of Quasi-Legislative Acts of Public Officials in New York under Article 78 of the CPLR, 39 St. John's L. Rev. 49, 53; Berger, Administrative Arbitrariness and Judicial Review, 65 Col. L. Rev. 55, 72-73; 4 Davis, Administrative Law, § 28.21, pp. 112-113; cf. *Matter of Mastrangelo* v. *State Council of Parks,* 42 Misc 2d 650, affd. 21 A D 2d 879). In this case the Legislature has marked out in the statute the general route of the interstate highway (Highway Law, § 340-a, Interstate Route 502); and pursuant to the statutory power confided to him (Highway Law, § 340-b, subds. 1, 4, 6; § 85), the Superintendent of Public Works has selected a specific route which follows the general route designated by the Legislature. Only part of the specific route selected by the Superintendent is challenged as an arbitrary exercise of discretion. Under such a narrow focus, even though the Superintendent may have wavered in his decision and was finally persuaded by the Federal Highway Administrator to adopt a part of the route not originally proposed, I think that the record here does not show any abdication of authority by the Superintendent, but does show, based upon the facts before him, a reasonable exercise of discretion not raising a triable issue (*People* v. *Adirondack Ry. Co.,* 160 N. Y. 225, 237-238; *Matter of City of New York* [*Ely Ave.*], 217 N. Y. 45, 52-54; *Rindge Co.* v. *Los Angeles,* 262 U. S. 700; *People ex rel. Consolidated Water Co.* v. *Maltbie,* 275 N. Y. 357, 369-370). Brennan, J., dissents and votes to affirm the order on the opinions of the learned Justice at Special Term (39 Misc 2d 716; 42 Misc 2d 211).