224 Ga. 344 (1968)
161 S.E.2d 859
MORNINGSIDE-LENOX PARK ASSOCIATION, INC. et al.
v.
STATE HIGHWAY DEPARTMENT.
24584.
Supreme Court of Georgia.
Submitted April 8, 1968.
Decided May 9, 1968.
Rehearing Denied May 23, 1968.
Heyman & Sizemore, Maurice N. Maloof, for appellants.
Arthur K. Bolton, Attorney General, Richard L. Chambers, Marshall R. Sims, Assistant Attorneys General, for appellee.
ALMAND, Presiding Justice.
In this case we review the trial court's order sustaining the defendant's general demurrers to the plaintiffs' petition.
The main and controlling question in this case is whether the allegations in the plaintiffs' petition as amended are sufficient to show that the defendant, State Highway Department, abused its discretion in selecting Route "B" for Highway I-485.
The Morningside-Lenox Park Association, Inc., and several other individuals brought a suit against the State Highway Department of Georgia seeking certain declaratory relief and an injunction to enjoin the defendant from acquiring any right of *345 way in, expending any moneys on, planning or constructing Highway I-485 along Route "B."
The plaintiffs' petition in substance made the following allegations. The defendant's construction of I-485 along Route "B" will bisect and split Morningside-Lenox Park destroying it as a residential community. The defendant coerced the Mayor and Board of Aldermen of the City of Atlanta into approving Route "B." Construction of I-485 along Route "B" is contrary to the comprehensive plan developed for the City of Atlanta by the Atlanta Region Metropolitan Planning Commission. The prevention of slums and the preservation of good residential communities in urban areas is the public policy of the State of Georgia as announced in Ga. L. 1955, pp. 354, 356, and the construction of I-485 along Route "B" would be against this public policy in that it would create a slum by causing the Morningside-Lenox Park residential neighborhood to become unfit for human habitation. The selection of Route "B" for I-485 is contrary to a portion of the Federal Highway Act of 1962 (Pub. L. 87-866, §§ 9 (a), Oct. 23, 1962; 76 Stat. 1148; 23 USCA §§ 134) and the guidelines promulgated thereunder in that said route disrupts a neighborhood and is not based on a continuing comprehensive transportation planning process. There are other feasible routes along which I-485 can be built which will not destroy a community or violate public policy. The defendant deliberately manipulated the costs of other available routes to make it falsely appear that Route "B" would cost less. There is an available route for I-485 which would cost materially less than Route "B," and the defendant in bad faith understated the cost of constructing I-485 along Route "B." The defendant selected Route "B" over other available routes to satisfy the private desires and private business interests of certain private persons. Further, plaintiffs alleged that the selection of Route "B" and the construction of I-485 along Route "B" are contrary to law, violate the public policy of the State and Federal Governments, are arbitrary and capricious, against the public interest, and constitute a gross abuse of discretion by the State Highway Department; and prayed that the State Highway Department be enjoined from spending public moneys to acquire *346 right of way for or going forward with the construction of I-485 along Route "B."
The State Highway Department is vested with a large discretion in designating and locating state-aid roads. Jackson v. State Hwy. Dept., 164 Ga. 434 (3) (138 SE 847). A court of equity will not interfere with the discretionary action of the State Highway Department in designating and locating a state-aid road, within the sphere of its legally delegated powers, unless such action is arbitrary and amounts to an abuse of discretion. Crump v. State Hwy. Dept., 191 Ga. 130 (1) (12 SE2d 310) and cases cited therein. See also Town of Camak v. State Hwy. Bd., 166 Ga. 359 (1) (143 SE 367) and Appleby v. Holder, 166 Ga. 512 (143 SE 596). Now, we must determine whether or not the allegations of the petition are sufficient to show that the State Highway Department abused its discretion in designating and locating Route "B" as the route along which I-485 is to be constructed.
Plaintiffs allege that the Federal Bureau of Public Roads has authorized the construction of I-485 within the City of Atlanta, but that a portion of the Federal Highway Act of 1962 and the guidelines promulgated thereunder have not been satisfied. Basically, the relationship of the State Highway Department to the Federal Bureau of Public Roads is that certain moneys are appropriated and granted to the State for highway purposes in accordance with Federal regulations, and if the regulations are not met, it is a question between the State Highway Department and the Federal Bureau of Public Roads. Federal regulations with respect to interstate highways must be complied with in order for the State to receive Federal funds, but such requirements do not limit or affect the authority of the State Highway Department to select location, construct and maintain highways in the State. Futch v. Greer (Tex. Civ. App.), 353 SW2d 896. See also Brown v. McMorran, 39 Misc. 2d 716 (241 NYS2d 483). Thus, once the appropriation has been approved, it is not a matter for determination by this court as to whether or not such appropriation was made in conformity with the Federal regulations. Plaintiffs' allegations as to the failure to comply with a portion of the Federal Highway Act of 1962 and the guidelines promulgated thereunder are without substance.
*347 The mere fact that one location would be equally as feasible, practicable and desirable as another location would not be sufficient to force the State Highway Department to change or abandon the location selected. Piedmont Cotton Mills v. Ga. R. &c. Co., 131 Ga. 129, 134 (62 SE 52). The plaintiff's allegation that there is another route as feasible for I-485 as Route "B" is no ground for interfering with the State Highway Department's discretion.
No factual basis is alleged to show that the cost figures utilized by the State Highway Department were not justified or to demonstrate that the State Highway Department took into consideration any factors that were contrary to law in selecting Route "B" as the location for I-485.
Furthermore, the allegations of the petition that the Morningside-Lenox Park residential community will be destroyed, that the Mayor and Board of Aldermen of the City of Atlanta were coerced into approval of Route "B," that the construction of I-485 along Route "B" will create a slum by causing the Morningside-Lenox Park neighborhood to become unfit for human habitation, that the defendant deliberately manipulated the costs of other available routes and in bad faith understated the cost of Route "B" to make it falsely appear that Route "B" would cost less and that the selection of Route "B" was to satisfy the private desires and private business interested of certain private persons, amount to nothing more than mere conclusions of the pleader, wholly unsupported by any facts to show an arbitrary abuse of discretion vested by law in the State Highway Department. "`General and loose allegations, consisting merely of the statement of conclusions, without averring the facts upon which the conclusions are based, are too indefinite to raise an issue.'" City of Carrollton v. Walker, 215 Ga. 505, 510 (111 SE2d 79). Thus, the petition in the instant case to enjoin the location of I-485 along Route "B" is insufficient to state a cause of action, and the trial judge did not err in sustaining the defendant's general demurrer to the plaintiffs' petition.
Judgment affirmed. All the Justices concur.