## 51862. HUTCHINS et al. v. MILLER.

WEBB, Judge.

The plaintiff appellants, two realtors, brought action against Miller, purchaser of property belonging to one Kimsey, alleging that they had a judgment against Kimsey with an entry of lis pendens against the subject property. By amendment they added two other counts, the first alleging that they had an exclusive listing contract for sale of the property, that Miller and Kimsey conspired to deprive them of their commissions, and that Miller purchased the property with notice of lis pendens filed in the suit against Kimsey. The other additional count alleged that Miller induced Kimsey to sell to him directly in order to deprive them of their sales commission.

Miller moved for summary judgment on the basis of affidavits establishing that the lis pendens notice was not filed until after the sale was effected; that he had no knowledge of the plaintiffs' interest in the matter, no notice of any claim on their part prior to the closing, and no knowledge of any contract between the seller and the

plaintiffs; that he was first contacted by the seller and taken to the property; that it was not carded, and nothing put him on notice of any interest the plaintiffs might have had in selling it; and that during the time the sale arrangements were being made his family mowed the lawn and did other acts in relation to the property.

The only evidence directly contradictory of the above is the affidavit of a person in the plaintiffs' office that Miller's wife once called her, giving the name "Mrs. Williams" and asking for information regarding the property. There is a conflict as to whether Miller made a telephone call to the plaintiffs. It is established that the plaintiffs never took Miller or any of his family to view the property, and that the Millers never visited the plaintiffs' offices.

In granting Miller's motion for summary judgment, the judge recited that he had considered "the pleadings of this case, together with the listing agreement dated June 29, 1971." No listing agreement is contained in the record; and since we do not know its contents we cannot assume that it forbade a direct sale by the owner. The plaintiffs do not contend they obtained Miller as a "purchaser ready, willing and able to buy."

It is our view that the allegations as to "conspiracy" and "procuring the tort" are unreinforced by any facts and amount only to conclusions which the trial court properly ignored. *Resolute Ins. Co. v. Norbo Trading Corp.,* 118 Ga. App. 737 (165 SE2d 441). As stated in *Summer-Minter & Assoc. v. Giordano,* 231 Ga. 601, 604 (203 SE2d 173), it is the duty of each party on motion for summary judgment to present his case in full. The appellants have shown no facts which would entitle them to prevail under any of the three theories presented by them, and Miller has demonstrated that he is entitled to summary judgment.

*Judgment affirmed. Deen, P. J., and Quillian, J., concur.*

ARGUED MARCH 2, 1976 — DECIDED MARCH 15, 1976.

*Morgan & Sunderland, Thomas Stanley Sunderland,* for appellants.

*James W. Garner,* for appellee.