## 57718. BELCHER v. LOGAN.

BIRDSONG, Judge.

Summary judgment. The appellant Belcher purchased a business from one Farmer, giving Farmer $5,000 in cash and a $45,000 unconditional promissory note payable in two years from the date of execution. Farmer transferred the note to appellee Logan in partial extinguishment of debts owed to Logan by Farmer. The note matured and Logan made demand on Belcher for payment of the same. Belcher made general denials of the indebtedness. Logan sought admissions of fact that the

note was authentic and that Belcher signed it. Belcher did not answer the requests for admissions and now agrees that the note is authentic and that the signature is his. The only defense offered by Belcher was that the business purchased from Farmer was a failure and that Farmer did not live up to certain promises made to redeem the venture. Logan offered his affidavit that he purchased the note from Farmer for consideration and was a holder in due course. Belcher countered that no consideration was paid for the note and that Logan was not a holder in due course, but took the note subject to any defenses that might be advanced by Belcher. The trial court concluded that there were issues of fact and denied a motion for summary judgment filed by Logan. Logan then obtained an affidavit from Farmer that the note was purchased for consideration and that it was sold without Logan being aware of any potential defenses. Logan supplemented his affidavit to show that he was a purchaser for consideration and holder in due course. The face of the note does not show any conditions upon the note. Logan then filed a second motion for summary judgment. Belcher did not offer any additional detailed evidence to show that consideration was not paid or that Logan was not a holder in due course. After a second hearing at which the trial court considered the affidavits and heard arguments of counsel, the trial court granted summary judgment to Logan. Belcher brings this appeal enumerating as error the grant thereof on the grounds that there were material issues of fact and that the first grant of summary judgment established the law of the case and in effect was res judicata as to the second motion for summary judgment. *Held:*

1. The trial court was faced with conclusory statements by Belcher that he had agreements with the original holder of the note but which do not appear on the face of the documents so as to put a subsequent purchaser on notice. Affidavits from the original holder and the transferee both indicate that Logan was not aware of any agreements at the time Logan took the note. Belcher stated that Logan was aware of such agreements and that Logan had given no consideration for the note. Belcher did not support these allegations by any facts. Opposed were

the affidavits of both Logan and Farmer to the contrary.

It is clearly the law in this state that ultimate or conclusory facts and conclusions of law cannot be utilized on a summary judgment motion. 10 Wright & Miller, Federal Practice and Procedure: Civil § 2738 pp. 695-696. *Ginn v. Morgan,* 225 Ga. 192 (167 SE2d 393); *Hutchins v. Miller,* 138 Ga. App. 133, 134 (225 SE2d 722); *Lake v. Hamilton Bank of Dalton,* 137 Ga. App. 600, 602 (224 SE2d 522). Appellant Belcher admits the note and does not deny the indebtedness, only that he had a defense as between himself and the original holder. He further admits that his defense is no good against a holder in due course. Thus, there are no facts in dispute as to the validity of the debt. Once the movant has carried his burden to show the absence of any genuine issues of fact, the appellant must offer refuting evidence. Appellant cannot rely upon the mere denial in pleadings or conclusory statements in supporting evidence. He has a duty to respond to the motion in such a way as to show a genuine issue of fact or suffer the grant of summary judgment. The appellant has failed in this burden. The trial court did not err in granting summary judgment in favor of the appellee Logan.

2. Belcher argues that the first denial of summary judgment set the law of the case and barred the motion for the second motion for summary judgment. Appellant has misconceived the law on this subject. Consideration of a second motion for summary judgment lies within the discretion of the trial judge, especially where, as here, additional evidence is presented in support of the second motion. *Keller Bldg. Products v. Young,* 137 Ga. App. 682, 684 (224 SE2d 815). There is no merit in this enumeration.

*Judgment affirmed. Quillian, P. J., and Smith, J., concur.*

ARGUED APRIL 5, 1979 — DECIDED
MAY 14, 1979 — REHEARING
DENIED JUNE 7, 1979.

*Michael N. Mantegna, William Wagner,* for appellant.

*Joe L. Anderson,* for appellee.