Hon. William C. Hennessy Commissioner Department of Transportation
This is in response to your recent inquiry as to whether the Department of Transportation is authorized to expend funds for "noise insulation" of a public school located near the right-of-way of a proposed highway.
The highway involved is to be constructed by the State with federal aid. Applicable federal regulations require the State to take steps to reduce the noise impact of the highway to acceptable levels (23 C.F.R. § 772). Compliance is necessary to assure federal participation.
In regard to reducing the noise affecting this particular school, one proposal is that the State enter into a contract with the school district whereby one payment would be made by the State to the District representing the cost of installing noise insulation as well as the continuing cost of maintenance of such system including air-conditioning. An alternate proposal is for the State to include in the highway project itself, construction of a "noise barrier" within the right-of-way. This alternative represents a conventional approach to solving a noise problem, but, I am told it is the more costly.
It is my conclusion that there is no authority for the Department to enter into such a contract with the school district. The school involved is totally outside the proposed highway right-of-way. The Commissioner of Transportation cannot expend funds for construction on private property outside the highway right-of-way, absent specific statutory authorization. The Highway Law specifically enumerates certain situations where the Commissioner can perform work on private property. Some examples are: Highway Law, § 10(24-b), relocation of water and sewer lines on private property; § 10(24-c), relocation of railroad facilities on railroad company property; § 45, work on ditches, drains, et cetera, on land adjacent to state highway; § 54-a, reestablishment of driveways on private lands; and § 89(6), acquisition and relocation of junkyards outside the right-of-way. However, I find no similar authorization for performance of work by the Commissioner on private property in connection with noise abatement.
The statutory history of adding subdivisions to section 10 of the Highway Law indicates a legislative intent to augment the powers of the Commissioner of Transportation in specific areas as the need arises. The Legislature has not yet acted in regard to such a noise abatement program. Since the Commissioner is without power to perform such work in his own right, the Commissioner would not be able to contract with the school district to have such work performed on his behalf. In arriving at this conclusion, I have also considered the provisions in sections 80
and 85 of the Highway Law. While section 80 (2) does contain a generalized authorization to "perform such work with respect to any project which he may, in his discretion, select", it is immediately preceded by section 80(1) which again shows authorization for specifically enumerated activities by the Commissioner of Transportation, which do not include off-site noise control programs (see Schulman v People,10 N.Y.2d 249 [1961]). Furthermore, section 80(2) is limited to performance of "work", which would not cover payment for the long term maintenance and operation program contemplated here. Similarly, although section 85, contains a general authorization to "do such other and further acts not hereby specifically provided" as may be necessary on federal aid highway projects, it does not in my opinion cover the present situation. Section 85 has been judicially construed to permit the Commissioner of Transportation certain latitude of action to assure the obtaining of federal funds in highway projects (Matter of Brown vMcMorran, 23 A.D.2d 661 [3d Dept, 1965], cf. Sleepy Hollow ValleyCommission v McMorran, 20 N.Y.2d 190 [1967]). However, in the present situation, there is no danger of losing federal participation in the project if noise proofing of the school is not accomplished because an alternate procedure is available. Your letter indicates that the federal government will participate fully in the cost of construction of the noise barrier within the right-of-way itself. Therefore, the work is not necessary to comply with federal aid highway acts and rules and regulations thereunder.
This opinion does not attempt to deal with the implications of noise proofing of a structure adjoining the right-of-way in connection with the claim of the affected owner against the State for damages. There have been a number of Court decisions dealing with the compensability or noncompensability of such damages (see for example, Dennison v State,22 N.Y.2d 409 [1968] and Sperry v State, 40 N.Y.2d 997 [1976]). Such considerations do not enter here, because I am informed that there is no taking of the school district's property pending and the claim for any previous taking has been settled and disposed of.
In answer to your question, under presently existing provisions of the Highway Law, it would be impermissible for the Department of Transportation to expend funds for sound proofing this building outside the project limits.