35070. CRAFT et al. v. DRAKE et al.

BOWLES, Justice.

This appeal is taken from an order granting summary judgment in favor of appellees First National Bank of Newnan and Julian F. Roberts, an officer and agent of said bank.

In 1972, appellee L. T. Drake and appellant Charles H. Craft, Jr. entered a business venture for the development of a subdivision, and in furtherance thereof executed a promissory note to the First National Bank of Newnan for the principal sum of $4,000. Appellant Craft granted a security interest in his home as collateral for the loan. He transferred the home to his wife on February 4, 1977. The combination note and security agreement were complete when executed.

Thereafter, Craft and Drake executed other new money and renewal notes of indebtedness in furtherance of the business venture in favor of the defendant bank. The last of these renewal notes was executed on June 17, 1977. In October, 1977, appellants Charles H. Craft, Jr. and Mrs. Craft received a letter from the bank's attorney demanding payment of $41,372.56 on the June 17, 1977 note and giving notice of the bank's intention to foreclose on their home. Thereafter, foreclosure proceedings were instituted pursuant to a power contained in the security deed.

On November 29, 1977, appellants filed suit against Drake and his wife, and appellees First National Bank of Newnan and Roberts, alleging fraud, misrepresentation, deceit, and slander of title to real estate, and alleging conspiracy as between appellees. Appellants also alleged violations of Regulation "Z" (12 CFR 226). As specifically concerns the two appellees involved in this appeal, the complaint alleged that appellee Roberts while acting as an officer and agent of the appellee bank did fraudulently induce appellant Craft to execute certain notes while

misrepresenting to appellant that his home was not collateral for the note, and that some notes were executed in blank and later filled in with amounts larger than authorized by appellant. Appellants prayed that the bank's foreclosure on their home be enjoined, and asked for a rescission of the security agreement and cancellation of the June 17, 1977 promissory note.

Appellees First National Bank and Roberts filed a motion for summary judgment, contending that the allegations of appellants' complaint have been pierced so that no genuine issue of material fact remained for decision. In support of their contention, the appellee bank and appellee Roberts cite the deposition of appellant Charles Craft, taken on December 20, 1977, wherein appellant admitted executing the completed February 29, 1972 promissory note and security deed, which note contained a "retention of security interest" clause. Appellant also acknowledged the genuineness of his signature on the June 17, 1977 note, which note was the subject of the initial foreclosure action, as well as stating that his signatures on the copies of all notes and security deeds appearing as exhibits in the case appeared to be genuine. The motion for summary judgment was granted. Appellants bring this appeal, complaining that summary judgment was improper where there remained an issue of fact as to the existence of intentional or constructive fraud. We affirm.

Each note signed by appellant Craft in favor of the appellee bank contained the following language:

"(a) Whether or not holder has above enumerated any specific property for the retention of a security interest, in the event that holder now has, or subsequently acquires, a security interest in any other property of the undersigned of any nature whatsoever, . . . then the holder shall have a security interest in and to any and all such property for the repayment of this note and any and all renewals of same . . . The undersigned agrees that the holder shall have security title to the collateral and to secure the payment of this note and to secure the payment of all other indebtedness or liability of the undersigned to holder, however, and whenever incurred or evidenced, whether direct or indirect, absolute or contingent, due or

to become due. The surrender of this note upon payment or otherwise shall not affect the right of the holder to retain the collateral for any other indebtedness or liabilities from undersigned to holder.

"(b) UNDERSIGNED ACKNOWLEDGES RECEIPT OF A COMPLETED FILLED-IN COPY OF THIS NOTE AND DISCLOSURE STATEMENT AT THE TIME OF ITS EXECUTION."

While appellants alleged in their complaint that appellee Roberts assured them at the time Craft signed the first note in 1972 that the second mortgage on their home would not be used by the bank as collateral for future notes signed by Craft, this promise directly contradicted the language contained in the note itself and all subsequent notes. Fraud cannot be predicated upon statements which are promissory in their nature as to future acts. *First Nat. Bank &c. Co. v. Thompson,* 240 Ga. 494 (241 SE2d 253) (1978). As appellants have alleged no fraud which would have prevented Craft from reading the agreement before signing it, they are bound by the terms of the written agreement. *Mitchell v. Excelsior Sales &c., Inc.,* 243 Ga. 813 (256 SE2d 785) (1979). One having the capacity and opportunity to read a written contract cannot afterwards set up fraud in the procurement of his signature to the instrument. *B. E. Robuck, Inc. v. Walker,* 212 Ga. 621 (94 SE2d 696) (1956); *Lewis v. Foy,* 189 Ga. 596 (6 SE2d 788) (1940).

We find the trial court was correct in granting appellees' motion for summary judgment.

*Judgment affirmed. All the Justices concur.*

Submitted June 22, 1979 — Decided September 10, 1979 — Rehearing denied October 2, 1979.

*Richard L. Fullerton,* for appellants.

*William E. Anderson, George Rosenzweig,* for appellees.