## 37978. SPIVEY v. ROGERS et al.

SMITH, Justice.

Appellant brought an action for specific performance of a contract for the sale of a 95 percent interest in real estate. The complaint prayed for damages in the event specific performance was not granted. The trial court granted appellee's motion for summary judgment on both counts. We affirm.

The contract states that it is "expressly subject to the following: 1. Approval by the Farmers Home Administration [FmHA] of the partial assumption of the [existing FmHA] loan . . ." The contract also provides that "Seller and Purchaser agree that this agreement shall expire sixty (60) days from the date of its execution [December 31, 1979]."

A response to the loan transfer application, however, was not forthcoming until June, 1980, when the FmHA notified the parties that the application had been denied. The parties prepared a second application to clear up some problems existing with the initial one and submitted it to the FmHA on June 24, 1980. The application states that the "Date Expected to Complete Transfer" as August 1, 1980. A "Reason for Transfer" is also provided: "Owner [is] presently unable to meet financial obligations."

Loan transfer approval was not obtained by August 1. Thereafter, appellee did nothing to indicate a continued willingness

to extend the contract. On September 29, 1980, appellee informed appellant that the "agreement is hereby terminated" because "the terms of said agreement contemplated that time was of the essence of the contract, and the terms thereof were not performed as contemplated as within a reasonable time thereafter . . ."

Approximately two weeks later, a letter was sent from the FmHA's national office to the local FmHA director. It states: "Based upon your recommendations and the information you submitted you are hereby authorized to approve the transfer provided the applicable portion of paragraph XVIII of FmHA Instruction 465.1 and the following conditions are met . . ." Three pages of conditions followed. Shortly after appellant learned of the FmHA conditional acceptance, he brought this action.

"The real issue in the case is whether the [notice of termination occurred] during the life of the contract." *Bolton v. Barber,* 233 Ga. 646, 647 (212 SE2d 766) (1975). Although strict compliance with the "sixty day" provision had been waived by appellee's participation in making a second application for loan transfer (see *Perry Dev. Corp. v. Colonial Contracting Co.,* 231 Ga. 666, 669 (203 SE2d 475) (1974)), his action cannot be construed as extending the time for performance indefinitely. Appellee's waiver of the "sixty day" provision extended the contract to some time around August 1, and not beyond. Thus, no repudiation occurred during the life of the contract. Compare *Edwards v. McTyre,* 246 Ga. 302, 303 (271 SE2d 205) (1980).

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 10, 1982 —
REHEARING DENIED MARCH 23, 1982.

*Stubbs & Branan, M. Francis Stubbs, Garland & Milam, Richard Milam,* for appellant.

*Doremus & Jones, Bobby Jones, Richard D. Phillips,* for appellees.