### 67592. BRADLEY v. TATTNALL BANK.
### 67593. SPIVEY v. TATTNALL BANK.

QUILLIAN, Presiding Judge.

Levy J. Spivey agreed to purchase a 95% interest in the San-Reid Apartments from Theron L. Rogers. He also agreed to assume the outstanding mortgage on the apartments to the Farmers Home Administration (FHA). Following the signing of their sales agreement on December 31, 1979, they entered into a partnership to manage and operate the apartments. They also entered into an employment contract with Jesse Bradley to perform "other acts in connection with the partnership agreement." Spivey borrowed $135,000 from the Tattnall Bank to finance the purchase and that sum was deposited in the partnership account in the Tattnall Bank. The promissory note of Spivey was guaranteed by Rogers and Bradley. In addition the note was secured by "DSD covering San-Reid Apartments dated 12/31/79" and "BSSA covering accounts receivable, furniture and fixtures of San-Reid Apartments dated 12/31/79." Rental receipts from the San-Reid Apartments were deposited in the partnership account.

The sales contract between Spivey and Rogers also provided that it was subject to approval by the FHA and was to expire 60 days from the date of execution "12/31/79." In June 1980, the FHA notified the parties that the application had been denied. They prepared a second application and submitted it to the FHA on June 24, 1980. On September 29, 1980, Rogers informed Spivey that the agreement was terminated. Spivey filed an action for specific performance (80-285) and the trial court granted summary judgment to Rogers. The Supreme Court affirmed. *Spivey v. Rogers*, 249 Ga. 179 (288 SE2d 555).

Although the rental receipts from the San-Reid Apartments were deposited in the partnership account, Rogers asked Spivey not to use those funds to pay the monthly payments due on the Tattnall note. Accordingly, no monthly payment was ever made on the note. On or about September 29, 1980, the bank asked Spivey to execute another note. The first note had been executed on December 31, 1979 and was payable in 144 monthly installments. The second note was back-dated to December 31, 1979 and was made due and payable on December 30, 1980. The second note was also guaranteed by Rogers and Bradley. No payments were made on either note. Following default and demand for payment, the bank brought this action against Spivey, Bradley, and Rogers. Rogers answered and admitted execution of the note and that he had guaranteed the same. Bradley's answer admitted endorsement of the note but set forth defenses of laches, fraud in the inducement, and lack of consideration. Spivey's answer denied all allegations of the complaint and pled defenses of failure to state a claim, failure of consideration, and several types of discharge. In addition, Spivey set forth a counterclaim against the bank and named a vice-president and director of the bank as a third-party defendant. The trial court ordered the proceeds of the note placed in the registry of the court.

The bank filed a motion to strike or dismiss the third, fourth, fifth and sixth defenses, the counterclaim, and third-party complaint of Spivey. The bank also moved for summary judgment. After hearing, on August 23, 1982, Judge Harvey denied the bank's motion for summary judgment, the motion to strike the third-party complaint, and reserved ruling on the dismissal of the defenses of Spivey. The bank's motion to strike Spivey's counterclaim was granted. On June 23, 1983, a different judge, Judge Findley, ruled that "anything in any previous order of this court pertaining to any motion or pleading filed by either party in this case (81-224) is hereby set aside or denied, as the holding here demands." He gave judgment for the bank against all defendants, jointly and severally, on the note, plus accrued interest and attorney fees. An auditor was appointed to apportion and dispense the sums from the registry of the court to each defendant. Defendants Spivey and Bradley appeal. *Held*:

1. Error is enumerated in the ruling of the second trial judge granting summary judgment for plaintiff, where the record had not been expanded following the first trial judge's denial of the motion. Defendants argue that the ruling of the first trial judge on the bank's motions must be taken as "the law of the case." The "law of the case" has been defined as a controlling legal rule established by a previous decision between the same parties in the same case. See generally 21 CJS 330, Courts, § 195 (a). However, it is a rule of practice, and is distinguishable from res judicata and stare decisis. Id. Legal proceed-

ings are "in fieri" — "in process of formation or development; hence, incomplete or inchoate" until judgment is entered. Black's Law Dictionary. The general rule is that courts, while a cause is pending before them, have control over the record and proceedings, their orders and judgments, during the term; and after the term if the cause is still pending before them, and may amend or set them aside. Black, Law on Judgments (2d ed.) 221, § 154; 1 Freeman on Judgments (5th ed.) 267, § 140. While the cause is pending the ruling is said to be in the "breast of the judge," but after the cause is no longer pending and the term has expired, the judgment "is upon the roll." *McCandless v. Conley*, 115 Ga. 48, 51 (41 SE 256). The "law of the case" rule is subject to the power of the court, and the court may, in a proper case disregard or correct its former decision where the cause remains pending before it. 21 CJS 332, Courts, § 195 (b). "The superior court has plenary power over its orders and judgments during the term at which they are entered, and may amend, correct, or revoke them, for the purpose of promoting justice." *Deen v. Baxley State Bank*, 192 Ga. 300, 303 (15 SE2d 194). However, an interlocutory ruling does not pass from the control of the court at the end of the term if the cause remains pending. *Union Circulation Co. v. Trust Co. Bank*, 143 Ga. App. 715, 717 (1) (240 SE2d 100), Div. 2, revd. 241 Ga. 343. Justice Holmes, speaking for the Supreme Court, in Messenger v. Anderson, 225 U. S. 436, 444 (32 SC 739, 56 LE 1152), stated that "[i]n the absence of statute the phrase, 'law of the case,' as applied to the effect of previous orders on the later action of the court rendering them in the same case, merely expresses the practice of courts generally to refuse to reopen what has been decided, not a limit to their power."

Inasmuch as our Civil Practice Act was patterned after the Federal Rules of Civil Procedure we can look to federal court decisions for guidance. A collection of cases expressing different views on this issue was analyzed in Miss. Power Co. v. Peabody Coal Co., 69 FRD 558, 562 (1976), and they concluded that while a judge should be cautious about overruling prior orders of another judge in the same case "nevertheless, he may do so in the exercise of sound discretion and particularly if he is convinced that such action is dictated by the interests of justice." Accord United States v. Koenig, 290 F2d 166, 172 (5th Cir. 1961), affd. sub nom. DiBella v. United States, 369 U. S. 121 (82 SC 654, 7 LE2d 614). Professor Moore agrees that under Rule 56 (a) and (d), and Rule 42 (b), the trial court exercises a broad authority to dispose of cases in stages and these decisions are interlocutory in character, and until entry of judgment they remain subject to change at any time. "The doctrine of the law of the case does not limit the power of the court in this respect." 1B Moore's Federal Practice 124, § 0.404 [4-1]. He recommends the practice of treating each successive decision as establishing the law of the case and de-

parting from it only for convincing reasons. 1B Moore's Federal Practice 125, § 0.404 [4-1]. He also found that "[t]here is no jurisdictional inhibition to reconsideration [of a prior ruling by a different judge], however, and a trial judge should not court reversal because of the erroneous ruling of another judge any more than because of an erroneous ruling of his own." 1B Moore's Federal Practice 127, § 0.404 [4-2]. This latter reasoning was affirmed in Castner v. First Nat. Bank, 278 F2d 376 (9th Cir. 1960) where the court found no abuse of discretion by a second judge in reversing a decision of a prior judge in the same case. They reasoned that the second judge must conscientiously carry out his judicial function in any case in which he is presiding and he would not fulfill his sworn duty if he found a prior ruling to be erroneous and permitted it to control the case. It is clear from an analysis of these cases that any restriction upon a judge's reconsideration of a ruling upon a motion made by a prior judge in the same case "is a principle of comity and not a limitation upon jurisdiction." United States v. Teresi, 484 F2d 894, 899 (7th Cir. 1973). The question on appeal is whether the second judge abused his discretion. United States v. Desert Gold Mining Co., 433 F2d 713, 715 (9th Cir. 1970); Greyhound Computer v. Int. Business Machines, 559 F2d 488 (9th Cir. 1977), cert. den. 434 U. S. 1040.

We have found two federal cases directly on point as to this issue. In Dictograph Prods. Co. v. Sonotone Corp., 230 F2d 131 (2d Cir. 1956), the court held that "[a] district judge's denial of a defendant's motion for summary judgment did not become 'law of the case' so as to preclude another judge thereafter from entering summary judgment . . . notwithstanding general practice of one judge to defer to rule of the first judge as a matter of mutual respect, since there is no imperative duty to follow [the] earlier ruling." The Ninth Circuit also found that where a second judge to whom a case had been assigned after the first judge had denied summary judgment, was convinced that an error of law had been committed, there was no abuse of discretion in his reversing the first trial judge. Castner v. First Nat. Bank, 278 F2d 376, supra. Accord United States v. Koenig, 290 F2d 166, 172, supra, affd. sub nom. DiBella v. United States, 369 U. S. 121, supra; Commerce Oil Refining Corp. v. Miner, 303 F2d 125 (5) (1st Cir. 1962); LeRoy v. Sabena Belgian World Airlines, 344 F2d 266 (3) (2d Cir. 1965); Dessar v. Bank of America &c., 353 F2d 468 (2) (9th Cir. 1965); Burns v. Mass. Inst. of Technology, 394 F2d 416 (1) (2) & (3) (1st Cir. 1968); United States v. Desert Gold Mining Co., 433 F2d 713, 715, supra; United States v. Teresi, 484 F2d 894, 899, supra; United States v. Diapulse Corp. of America, 514 F2d 1097 (2d Cir. 1975), cert. den. 423 U. S. 838. We find that the second trial judge did not abuse his discretion in reconsidering the motions ruled upon by the first trial judge.

2. Defendant Spivey asserts error in the trial court's dismissal of his fourth, fifth, and sixth defenses. These defenses alleged the bank "impaired the Defendant's right of recourse," "impaired the collateral" taken as security on the note, and that Spivey "has been completely discharged pursuant to Georgia Code § 109A-3—601 (2)," and "Georgia Code § 109A-3—606 (a)." The bank's brief argues that there is no foundation in fact or law for Spivey's defenses which were pled in a conclusory form. This court faced a similar issue in *Heimanson v. Meade*, 140 Ga. App. 534 (231 SE2d 373). Heimanson appealed from summary judgment against him on a promissory note he executed to Meade. We were faced with the question of whether this court could "properly direct a summary judgment for a plaintiff by declaring ipse dixit that the defendant's pleaded defenses are 'a sham.' " 140 Ga. App. at 535. Defendant's fourth defense alleged a "total failure of consideration" and his sixth defense pled "plaintiff has failed to comply with the Georgia law governing suits upon such instruments." We reasoned that while conclusions may not generally be used in affidavits to support or oppose summary judgment, they were permissible in pleadings under the Civil Practice Act. It was determined that plaintiff had made no showing as to the fourth and sixth defenses and "pleadings which have not been pierced, including conclusory ones, do create issues for jury resolution. . . ." 140 Ga. App. at 536. We cited the law extant as to the plaintiff having the burden, as movant, on summary judgment, including the burden to negate properly pled defenses. *Smith v. First Am. Bank &c. Co.*, 139 Ga. App. 292 (228 SE2d 227). The argument was made that "there was somehow some burden upon defendant, even though he was the nonmoving party, to do something with respect to the fourth and sixth defenses." We recited existing law that " '[u]ntil the moving party produces evidence or materials which prima facie pierce the pleadings of the opposing party, no duty rests upon the opposing party to produce any counter evidence or materials in affirmative support of its side of the issue as made by the pleadings.' " 140 Ga. App. at 537. We reversed the grant of summary judgment for plaintiff and remanded for further proceedings since the issues raised by the fourth and sixth defenses had not been removed from the case. 140 Ga. App. 538. On certiorari, the Supreme Court reversed, holding: "that when a motion for summary judgment is made and supported by evidence outside the pleadings, *an adverse party may not rest upon the mere allegations* or denials *of his pleadings*, but his response, by affidavits or otherwise, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate shall be entered against him. [Cits.]

"In the instant case, the defendant in his pleadings or otherwise gave no indication as to the manner in which petitioner 'failed to

comply with Georgia law.' Such a claim is not notice of a defense. Neither the trial court nor the plaintiff, nor this court, for that matter, can tell what defense was intended at that time." *Meade v. Heimanson*, 239 Ga. 177, 178 (236 SE2d 357). (Emphasis supplied.) The court recited that the plaintiff conclusively showed a prima facie entitlement to judgment and "[t]his evidence was uncontradicted by any affidavit or admission made by the defendant. The record before the trial court showed that the note was good. There was no evidence that all legal requirements had not been complied with, other than a bare allegation presented in a pleading . . . [T]he Act 'was clearly intended to dispose of litigation expeditiously and avoid useless time and expense to go through a jury trial, even though the petition fairly bristles with serious allegations, if when given notice and opportunity to produce affidavits by persons competent to testify on their own knowledge to the truth of such allegations, the pleader does nothing to contradict the affidavits of the movant which show there is no right of the opposite party to prevail.'

"As written, Code Ann. § 81A-156 [now OCGA § 9-11-56] places the burden on the moving party to show that no material issues of fact exist. The burden of proof can be shifted, however, when a prima facie showing is made that the moving party is entitled to judgment as a matter of law. The opposite party must come forward with rebuttal evidence *at that time,* or suffer judgment against him . . .

"The purpose of the Summary Judgment Act, as we have interpreted it, would be defeated if a party opposing a motion for summary judgment was permitted to defeat the motion by suggesting so vague a defense as to prevent the movant or the court from ascertaining the theory behind the defense. One opposing the motion must present the essence of his case or else suffer judgment against him. As stated in the Act itself, a response 'must set forth specific facts showing that there is a genuine issue for trial.' " 239 Ga. at 180.

We interpret *Meade* as holding that although it is permissible to allege defenses in a conclusory format, where a plaintiff files a motion to strike such defenses, or files a motion for summary judgment, and evidence is offered on the issue, if the plaintiff establishes a prima facie right to summary judgment, a defendant may not rest upon conclusory allegations or defenses in his pleadings, but must come forward with facts showing a genuine issue remains for trial. (See § 9-11-56 (e), which provides, in pertinent part: "When a motion for summary judgment is made and supported as provided in this Code section, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this Code section, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.")

In the case at bar, the movant plaintiff, in support of his motion for summary judgment on the promissory note, proved execution by the maker and the two guarantors. They showed the maker received $135,000 deposited in his partnership account. They also proved that no amount had been paid on either note and that the note had matured. The complaint stated a valid claim and consideration to the parties was proved. The defense of fraud in the inducement is not supported by the facts of this case because an officer of a bank is without authority to limit the bank's right of recourse, and fraud cannot be predicated upon statements which are promissory in their nature as to future acts. *First Nat. Bank &c. v. Thompson*, 240 Ga. 494, 495 (241 SE2d 253); *Chambers v. C & S Nat. Bank*, 242 Ga. 498, 504 (249 SE2d 214); *Craft v. Drake*, 244 Ga. 406, 408 (260 SE2d 475). The two accommodation parties cannot legally assert lack of consideration, as the consideration received by the accommodated party is the consideration for which they bargained. *Lewis v. C & S Nat. Bank*, 139 Ga. App. 855, 858 (229 SE2d 765). Although it was the second note upon which the present action is based, it was given as a renewal of, or in place of, the first note. No new consideration is necessary for an instrument given in payment of, or as security for, an antecedent obligation of any kind. OCGA § 11-3-408; *Beazley v. Ga. R. Bank &c.*, 144 Ga. App. 215 (2a) (241 SE2d 39).

Accordingly, plaintiff's evidence shows a prima facie entitlement to judgment which was uncontradicted by any evidence of the defendants. Under *Meade v. Heimanson*, 239 Ga. at 177, 178, supra, where plaintiff's evidence is in this posture on motion for summary judgment, "an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or otherwise, must set forth specific facts showing that there is a genuine issue for trial . . . even though the petition [of defendant] fairly bristles with serious allegations, if when given notice and opportunity to produce affidavits by persons competent to testify on their own knowledge to the truth of such allegations, the pleader does nothing to contradict the affidavits of the movant . . . The opposite party must come forward with rebuttal evidence *at that time*, or suffer judgment against him . . . The purpose of the . . . Act . . . would be defeated if a party opposing a motion for summary judgment was permitted to defeat the motion by suggesting so vague a defense as to prevent the movant or the court from ascertaining the theory behind the defense. One opposing the motion must present the essence of his case or else suffer judgment against him." 239 Ga. at 178-180. This is consistent with our Commercial Code, OCGA § 11-3-307 (2), which states: "When signatures are admitted or established, production of the instrument entitles a holder to recover on it *unless the defendant establishes a defense*." (Emphasis supplied.)

Here, defendant Spivey, when faced with a showing of execution of the note, receipt of consideration, maturity of the note and default in payment, rested upon conclusory defenses which gave no indication of the theory upon which they were based, and his affidavit consisted principally of conclusions of fact and law, recitation of hearsay, and was argumentative in character. It set forth conclusions of fact which were clearly inadmissible had they been offered at trial. His affidavit did not set forth a sufficient basis of fact for us to discern the theory of his fourth, fifth, and sixth defenses. See *Goodman v. St. Joseph's Infirmary*, 144 Ga. App. 614 (241 SE2d 487); *Hyman v. Horwitz*, 148 Ga. App. 647, 649 (252 SE2d 74); *Belcher v. Logan*, 150 Ga. App. 249, 251 (257 SE2d 299); *A. R. Hudson Realty v. Hood*, 151 Ga. App. 778, 782 (262 SE2d 189). Hence, as the bank produced sufficient evidence to show its entitlement to summary judgment, and defendant's fourth, fifth, and sixth defenses and the affidavit in support thereof were so conclusory that neither the plaintiff, the trial court, nor this court is aware of the theory of such defenses, grant of summary judgment for the plaintiff was not error. *Meade v. Heimanson*, 239 Ga. at 177, supra; *Allen Kane's Major Dodge v. Barnes*, 243 Ga. 776, 777 (257 SE2d 186); *Withrow Timber Co. v. Blackburn*, 244 Ga. 549, 551 (261 SE2d 361). Because summary judgment for plaintiff was authorized, defendants were not harmed by the striking of the defenses.

3. The trial court did not err in denying Spivey's Motion for Partial Summary Judgment as to the issue of whether the promissory note which was the basis for this action was in compliance with the Federal Consumer Credit Protection Act and the Federal Truth in Lending Regulations. Spivey has never articulated the factual basis for such allegation. A movant must support his motion by facts presented in proper form. "As in any summary judgment, this is accomplished by a supporting affidavit, made on personal knowledge, *setting forth facts* which would be admissible as evidence in the trial of the case, showing that there is no genuine issue on these facts." *Dickson v. Dickson*, 238 Ga. 672, 674 (235 SE2d 479). (Emphasis supplied.) " 'Ultimate or conclusory facts and conclusions of law . . . cannot be utilized on a summary judgment motion.' " *Morton v. Stewart*, 153 Ga. App. 636, 643 (266 SE2d 230). Spivey's affidavit is replete with conclusions of law and fact. He recites hearsay as fact and the tenor of his affidavit is argumentative. His *affidavit* of "fact" in support of his motion states: "The note sued upon does not comply with the disclosure requirements of the Federal Consumer Credit Protection Act nor the Federal Truth in Lending Regulations, (Regulation Z), 12 CFR, Section 226, etc." This is a conclusion of law and not a statement of fact. See VII Wigmore 81, § 1952; McCormick on Evid. 26, § 12; *Gulf Oil Corp. v. Stanfield*, 213 Ga. 436, 438 (99 SE2d 209); *Morningside-Lenox Park Assn. v. State Hwy. Dept.*, 224 Ga. 344, 347

(161 SE2d 859); *Woods v. Canady*, 126 Ga. App. 389 (1) (190 SE2d 920); *Hutchins v. Miller*, 138 Ga. App. 133, 134 (225 SE2d 722). The movant failed to carry his burden.

4. The holdings in Divisions 1 and 2 above are equally applicable to the enumerations of error made by the defendant Bradley.

5. Plaintiff's Motion to Supplement Record on appeal is denied.

*Judgments affirmed. Birdsong, J. concurs. Carley, J. concurs specially.*

DECIDED APRIL 9, 1984 —
REHEARING DENIED MAY 7, 1984 — ■

*Richard E. Braun*, for appellant (case no. 67592).

*M. Francis Stubbs, Joel E. Williams, Jr.*, for appellant (case no. 67593).

*Bobby T. Jones*, for appellee.

CARLEY, Judge, concurring specially.

I concur in the decision of the majority to affirm the grant of summary judgment in favor of the appellee in the above-styled cases. I also agree with the result reached by the majority in Division 1 of the opinion to the effect that the law of the case rule did not prevent the subsequent grant of summary judgment after the earlier denial thereof. However, I believe that such result is mandated by the clear language of that portion of OCGA § 9-11-60 (h) which provides that "[t]he law of the case rule is abolished; but generally judgments and orders shall not be set aside or modified without just cause and, in setting aside or otherwise modifying judgments and orders, the court shall consider whether rights have vested thereunder and whether or not innocent parties would be injured thereby . . ." In this case, the first trial judge reserved a decision on the appellee's motion to strike certain defenses set forth in appellant's pleadings. The trial judge subsequently considering the case entered an order striking these defenses. After these defenses had been stricken, the second trial judge then granted summary judgment. Thus, I believe that the record adequately shows compliance of the trial court's ruling with the criteria of OCGA § 9-11-60 (h).