68206. DAVIS et al. v. WELLS ALUMINUM SOUTHEAST, INC.
(323 SE2d 215)

McMURRAY, Chief Judge.

This is a products liability case. Plaintiff Jimmy Lee Davis injured his back when removing a strip of aluminum which had become lodged in a die cutting machine.

Plaintiff Jimmy Lee Davis and his wife filed this action predicated on theories of negligence and strict liability alleging that the

strip of aluminum in question was manufactured by defendant and was too soft for its intended purpose causing it to jam in the machine and ultimately causing the injuries to plaintiff Jimmy Lee Davis. Defendant answered, denying any liability to plaintiffs.

During discovery an issue developed as to whether defendant had produced the aluminum strip in question or whether it had been produced by another supplier. Following discovery the trial court granted defendant's motion for summary judgment, with the court expressly finding that the strip of aluminum in question had not been manufactured by defendant. Plaintiffs appeal. *Held*:

Strips of aluminum of the type in question were obtained by plaintiff Jimmy Lee Davis' employer from only two suppliers, defendant and The William L. Bonnell Company, Inc. (Bonnell). The piece of aluminum in question had a groove along its length which had been incorporated into the design as an identification mark by Bonnell. The otherwise identical aluminum strip (technically known as an extrusion) manufactured by defendant did not have such an identification mark, nor did the blueprint from defendant indicate such a groove. Several depositions contained in the record clearly indicate that the presence of the groove precludes any possibility of the piece of aluminum in question having been manufactured by defendant. See in this regard *Talley v. City Tank Corp.*, 158 Ga. App. 130, 135 (3) (279 SE2d 264).

Plaintiffs rely upon evidence that a shipment of aluminum strips was received from defendant on the day of plaintiff Jimmy Lee Davis' injury and additional evidence as to the physical layout and procedure at the facility (which was the site of the injury) to show that the specific aluminum strip which caused the injury must have been a part of that shipment from defendant. It seems clear from the blueprints in the record that there has been some exchange of information between defendant and Bonnell as to the specifications and possibly blueprints for the aluminum strips in question. There is testimony that such exchanges of blueprints and information is not uncommon in the industry and from the presence of Bonnell's designation for the design of the type of aluminum strip in question on defendant's blueprint, plaintiffs' expert speculates that defendant may have also incorporated Bonnell's identifying groove mark. However, there is no direct evidence that such actually occurred.

The evidence that defendant was not the manufacturer of the aluminum strip in question is uncontradicted. The speculations and conclusions upon which plaintiffs rely are not sufficient to create a genuine issue of material fact for a jury. The trial court did not err in granting summary judgment for defendant. See *Belcher v. Logan*, 150 Ga. App. 249, 251 (1) (257 SE2d 299); *Withrow Timber Co. v. Blackburn*, 244 Ga. 549, 553 (261 SE2d 361).

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 25, 1984 —
REHEARING DENIED OCTOBER 12, 1984 

*L. Thomas Cain, Jr.*, for appellants.
*James H. Fisher II*, for appellee.